## Grigsby's ex. and ext'x. v. Nance.

1. Where a defendant demurs and pleads to the entire declaration, the plea being posterior in the order of proceeding, operates as a waiver of the demurrer.
2. Where a promissory note is payable to the plaintiff *generally*, this is an admission of his right to receive the amount, and estops the defendant from insisting that the beneficial interest is in others; especially, when it is admitted on the record that the plaintiff was authorised to take the note in the form he did.
3. One partner may sue another, *at law*, on a note which the latter gave him upon engaging in business, for the payment of a part of the capital stock: and *Semble*, if one partner give the other his note or acceptance, for value received, on the partnership account, an action will lie on such note or bill.

THE defendant in error, brought an action of *assumpsit*, against the plaintiffs, in the County Court of Dallas, on a promissory note, of the following tenor:

SELMA, JULY 18, 1838.

Ninety days after date, I, John A. Cowles, as principal, and Uriah Grigsby and Henry Traun, as securities, jointly and severally promise to pay R. R. Nance, or bearer, five thousand dollars, value received, negotiable and payable at the Real Estate Bank of South Alabama, at Selma.

> JOHN A. COWLES,
> URIAH GRIGSBY,
> HENRY TRAUN."

The defendants demurred to the declaration, but no notice seems to have been taken thereof. They also pleaded:

1. *Non-assumpsit.*
2. Want of consideration.
3. Failure of consideration.
4. That the plaintiff was not at the time of the commencement of this suit, nor at any time before, or since, the legal owner and *bona-fide* holder and payee, nor the sole and *bona-fide* beneficiary of said note, but the same is, and was, at the time of the commencement of this suit, the joint property of a company of individuals, known and styled as the Real Estate Banking Company of South Alabama at Selma, of which company was the defendant's testator, Uriah Grigsby, in his lifetime a

member, and entitled to share in the profits of said Association, all the gains of said institution or banking company; that all the members of said association at the time of their partnership executed each in like manner, their joint and several notes to R. R. Nance, or some other person who was known by the members of said firm, association or company, to be the agent or agents of said firm, association or company for divers sums, varying, *pro rata*, according to the amount of stock taken by the different members of said firm, association or company, respectively. That since the making of the note sued on, there has not been a balance struck between said member and the other members of said company (whose names are not set out) nor between said last mentioned persons and the defendants: nor did the said Grigsby, in his lifetime, acknowledge any balance to be due and in arrears by him to said persons on the note aforesaid, or on any other score, nor have the defendants since. And this they are ready to verify.

5. That the plaintiff is not, nor ever was the legal or equitable owner or proprietor of the note, but the same is the property of an association of individuals, known as the Real Estate Banking Company of South Alabama, at Selma. The plaintiff joined issue on the first, second and third pleas, and demurred to the fourth and fifth; the demurrer being sustained, the issues were submitted to the jury.

On the trial, the defendants introduced evidence to prove that the plaintiff was not the sole owner or beneficiary of the note sued on, and that the same was the property of the Real Estate Banking Company of South Alabama, at Selma, and that defendant's testator was a partner of that company. Thereupon, they moved the Court to instruct the jury, that if they believed, from the testimony, that R. R. Nance, the plaintiff, was not the sole owner or beneficiary of the note sued on, but that the same was the property of the banking company, as shown by the proof, and the defendant's testator, was a partner of that company, and no balance had been struck between them, then the jury must find for the defendants; which instruction being refused by the Court, the defendants excepted.

A verdict being found for the plaintiff, and judgment thereon being rendered, the defendants have prosecuted a writ of error to this Court.

G. W. GAYLE, for the plaintiffs in errror—cited 4 Porter's Rep. 49; 1 Ala. Rep. N. S. 521; Livingston & Ware v. Crocheron, at this term; 1 Chitty's Plead. 2, 9, 13, 14, 45, 7th ed.

EDWARDS, for the defendant—cited, 3 Peters' Cond. Rep. 14, 15, 16; 8 Cranch Rep. 30; 13 East' Rep. 7; 1 Story's Eq. 616; Chitty on Bills, 9 Am. ed. 70, 71, 72, 13 Eng. Com. Law Rep. 383, 384; 11 ibid. 26; 1 Chitty Plead. 276; Collyer on Partner. 149, 647, 648.

COLLIER, C. J.—It has been so often decided, as to be now indisputably settled, that where a defendant demurrs and pleads to the entire declaration, his plea being posterior in the order of proceeding, is a tacit withdrawal of the demurrer, or an admission that it should not be sustained; and he cannot be allowed to allege on error, the omission of the Court to render judgment upon it. It is not pretended, that the declaration is defective, if objectionable, the demurrer to the pleas might be visited upon it. The questions then to be considered are,

1. Can a party maintain an action on a promissory note *payable to himself*, the money due on which, when collected, belongs to a third person.

2. Can the agent of a partnership maintain an action against one of the partners, on a promissory note, payable to himself.

1. The payee of a promissory note has a legal interest therein, and if not paid at maturity, may maintain an action on it; for it may be laid down as a general rule, that wherever a *legal* right is created, or liability imposed in favor of, or upon a person through the medium of a bill of exchange, or promissory note, that right may be asserted and that liability enforced by and against the person entitled, or chargeable. Hence, it has been held, that a person may sue on a note payable to himself, though in trust for a third party. Smith v. Kendall, 6 T. Rep. 123; Randall v. Bell, 1 M. & S. Rep. 723, and a note can only be indorsed by the payee, so as to invest the indorsee with a right of action in his own name. Chitty on bills, 251, 265, 9th Am. ed.

In the case at bar, the note is payable to the plaintiff, generally, and this is an admission, that he is entitled to receive the amount thereof, and must estop the defendants from insisting that the beneficial interest is in others; especially when it is ad-

mitted upon the record that the plaintiff was authorised by those he represented, to take the note in the form he did. The defendants, it is clear, if liable, cannot be prejudiced by a recovery against them in the name of the plaintiff, as the judgment would bar all proceedings against them at the instance of the persons to whom the money is to be ultimately paid. The case of Bryant v. Owen, 1 Porter's Rep. 201, is unlike the present. In that case a promissory note payable to a certain person, or bearer, was placed in the hands of an attorney for collection, who sued thereon, in his own name, as bearer, the Court held, as the attorney had no legal title to the note, by having become its proprietor, he was not entitled to maintain an action on it.

2. It is not alleged that Cowles, the principal, in the note, was a member of the company of which the plaintiff was agent, but merely that the testator of the plaintiffs, who was security, was a partner; so that it may well be questioned, whether the point sought to be raised by the pleas and bill of exceptions is presented. But we will consider the case, as if it appeared, that all the makers of the note were members of the partnership.

Courts of law, will not entertain suits for the recovery of money due from one partner to another, by simple contract, on the partnership account, because it would be useless for one partner to recover, what upon taking a general account amongst all the partners, he might be liable to refund; *frustra peterit quod mox restiturus esset.* Hence, it has been laid down as entirely clear, that one partner cannot maintain an action against his co-partner, for work and labor performed, or money expended on account of the concern. 1 B. & C. Rep. 74, 76, Holmes v. Higgins ; Cansten v. Burke, 2 H. & Gill. Rep. 295. But it is unnecessary to cite authorities to this point, as the principal has been directly affirmed by several adjudications in this Court. Lyon v. Malone, 4 Porter's Rep. 497 ; Phillips v. Lockhart, 1 Ala. Rep. N. S. 521.

The question in the case before us, is not whether an action will lie by one partner against another, to recover money due by a verbal contract on the partnership account; stating it most favorably for the plaintiffs in error, it is this—can one partner be sued at law on a note, which he has given to his

co-partners upon engaging in business, for the payment of his share of the capital stock?

If two persons commence business as partners, and one advance the whole capital, he may maintain an action against his co-partner for a moiety, because as to the share of the partner, who has not paid, the partnership may be considered as not commenced. The law was so ascertained in Helme v. Smith, 7 Bing. Rep. 709, where it was held, that if there be three intended partners, and one of them fail to bring in his share, the other two may recover it from him by action at law. So if one partner give the other his promissory note, or his separate acceptance for value received on the partnership account, an action will lie on such note, or bill. Van Ness v. Forest, 8 Cranch's Rep. 30. And if one partner draw upon all the others by name, and they individually accept, he may recover against them, because by such acceptance, a separate right is acknowledged to exist. Neale v. Turton, *et al.* 4 Bing. Rep. 149; Gibson v. Moore, 6 New Hamp. Rep. 547; Burnell v. Minot, 4 Moore's Rep. 340; Vening v. Lukie, 13 Easts Rep. 17; Smith v. Barron, 2 T. Rep. 476.

In Lyon v. Malone, 4 Porter's Rep. 497, it appears that a partnership had existed between the parties, which was dissolved and all the remaining books and accounts of the partnership, to an amount exceeding six thousand dollars, were placed in the hands of Malone, to be collected for their joint benefit; that afterwards, Malone paid a debt due from the firm, and took from Lyon, the note on which the suit was brought. At the time of the trial, all the debts of the partnership had been paid, but the accounts of the partners, as between themselves, were unsettled. Malone had rendered no account, nor did it appear, what amount of money had been collected from the books, &c. or whether enough to pay the debts. After a review of many of the authorities, the Court were of opinion, that Malone might sue at law on the note: that it was an admission of an indebtedness by Lyon, which was operative, notwithstanding the partners had never had a final settlement, and struck a balance. This case is recognised in Phillips v. Lockhart, 1 Ala. Rep. N. S. 521, as resting upon a very clear principle.

Even conceding, that the form of the note on which the pres-

ent action is brought, interposes no difficulty to the defence set up by the defendants, yet the authorities cited, and the reasoning by which they are sustained, show, that the defence itself is not available.

We have only to add, the judgment of the County Court, is affirmed.