## SORELLE v. ELMES.

1. A plea, asserting that the note sued on was executed by an attorney in fact, constituted by a written power authorising him to sign the name of his principal, so as to become binding, if the payee should give notice to the principal within 30 days next after the execution of the note, and averring that no such notice was given, is equivalent to a plea denying the execution of the note, and may properly be stricken out, unless verified by affidavit.

WRIT of error to the Circuit Court of Benton.

Assumpsit by Elmes against Sorelle, as the maker of a promissory note. The defendant pleaded, that the note was made by one S., acting under and by virtue of a written power from the defendant, to sign his name, but a clause was therein inserted, that no note executed by S. for his own benefit, should be binding on the principal, unless notice was given to him by the payee, within 30 days, next after the execution of the note, and the plea was, that no such notice was given in this case. This plea concludes to the country, but another to the same effect, concludes

Davis v. Carlisle.

with a verification. Both were stricken out on the motion of the plaintiff; this is the only error assigned.

T. A. WALKER, for the plaintiff in error.
No counsel appeared for the defendant.

GOLDTHWAITE, J.—These pleas amount to nothing more than a denial of an execution of the note sued on, in such a manner as to be binding on the defendant. It is an attempt to cast on the plaintiff the *onus* of proving the execution of the note without making the affidavit required to be made by the statute. [Clay's Digest, 340, § 152.] As the pleas were not supported by affidavit, they were properly stricken out on motion.

Judgment affirmed.