# BRYAN ET AL. *vs.* WILSON.

[ACTION ON PROMISSORY NOTE BY PAYEE AGAINST MAKERS.]

1. *Pleading to amended complaint, without objection, waives error in its allowance.*— After a demurrer has been sustained to the original complaint, and leave given to the plaintiff to amend, if the defendant pleads to the amended or substituted complaint, without objecting to the leave to amend, or to the amendment itself. he thereby waives his right to revise on error the action of the court in allowing it.

2. *That plaintiff is not the party really interested in the note, good plea under Code.*— A plea in bar by the makers of a promissory note, in a suit brought by the payee, that the plaintiff was not the party really interested in the note, was held bad on demurrer under the practice existing before the adoption of the Code, because the action was then required to be brought in the name of the party having the legal interest; but such a plea is now good under the Code, which requires (§ 2129) the suit to be prosecuted " in the name of the party really interested, whether he have the legal title or not."

3. *Agent may sue in his own name, on note given for money of principal lent by him without authority, and payable to himself as agent.*—If an agent lends the money of his principal without authority, and takes a promissory note for it payable to himself as agent, he may maintain an action on the note in his own name, unless it is shown that he has been in some way discharged from the liability thus incurred.

4. *Special plea of non est factum must be verified by affidavit.*—A special plea, averring facts which amount to nothing more than a denial of the execution of the note sued on in such a manner as to make it binding on the defendants, is bad on demurrer unless verified by affidavit.

5. *Plea which does not go as far as it professes is bad on demurrer.*—In a suit against three, two of the defendants filed a special plea, commencing. "And the said D. and S., for separate plea in this behalf, by leave of the court pleaded, say *actio non*, because they say," &c., and concluding,—" and so the said D. and S. say, that as to them, the said note is void," &c. : *Held*, that the plea was bad on demurrer, because it professed to answer the action, and to constitute a bar as to all the defendants, while it was good only as to two of them.

APPEAL from the Circuit Court of Pickens.

Tried before the Hon. EDMUND W. PETTUS.

ACTION (under the Code) on a promissory note for $325, executed by Jesse W. Bryan, William H. Davis, and John M. Sprowl, dated January 2, 1854, and payable to "Benjamin F. Wilson, noble-grand of Porter Lodge No. 16, I. O. O.

F.", on the first day of January, 1855. The summons and original complaint were in the name of "Tandy P. Duncan, noble-grand of Porter Lodge No. 16, of the Independent Order of Odd Fellows, in Carrollton, Alabama", who was alleged to be the successor in said office of said Benjamin F. Wilson; but a demurrer being sustained to said original complaint, and leave given to the plaintiff to amend his complaint, a new complaint was filed in the name of said Wilson.

The defendants pleaded seven pleas, of which the first was the general issue, and the others were as follows :—

"2. That plaintiff is not the party really interested in said note mentioned in said complaint; and this they are ready to verify," &c.

"3. That said note was given for money belonging to the widows and orphans' fund of Porter Lodge No. 16, of the Independent Order of Odd Fellows, which money was lent by the noble-grand of said lodge to said defendant Jesse W. Bryan, without authority so to do, and contrary to the constitution and by-laws of said lodge; and this they are ready to verify," &c.

"4. That said Jesse W. Bryan was indebted to the widows and orphans' fund of said lodge, in said county, by note for the sum of $200; that said lodge authorized its secretary to take a new note for said debt, upon the payment of the interest thereon by said Bryan; that said secretary, without any authority, included in said note the further sum of $125, which the said Bryan, as treasurer of said lodge, was indebted thereto, on account of said fund; that by the constitution and by-laws of said lodge, of force at the time, the said secretary was not authorized to take a new note for said $200, and at the time said note sued on was taken, said widows and orphans' fund was under the exclusive control and management of a committee, appointed by said lodge, who alone were authorized to lend said fund, and to take a new note therefor; and that said committee never received, nor authorized the receipt of, either of said notes, and never lent the money for which either was given; and this they are ready to verify," &c.

"5. That said note was given for a debt, or debts, due from said Jesse W. Bryan to said lodge, under a resolution of said lodge, authorizing its secretary to receive the same, subject to

14

the future action and approbation of said lodge; that said note was never delivered to, nor accepted by said lodge, nor was the receiving of the same by said secretary ever approved by said lodge, nor was there ever any action of said lodge, receiving said note, or accepting the same; and this they are ready to verify," &c.

"6. That said Jesse W. Bryan was indebted to said lodge, by note for the sum of $200, and as treasurer of said lodge in the sum of $125, upon his bond as such treasurer to said lodge; that said lodge passed a resolution, authorizing its secretary to extend said debt of $200, if the said Bryan would pay the interest thereon, and give a new note with security, which new note was to be subject to the future action and approval of said lodge; that the note sued on was given to extend said debt of $200, and said secretary included in it said sum of $125, without any authority so to do, which note, after being signed by said defendants, was delivered by said Bryan to said secretary; that said note has never been delivered by said defendants, nor by said secretary, to said lodge, nor has said lodge ever accepted or had possession thereof, nor approved the same or the taking thereof; that said note of $200 against said Bryan is still held by said lodge, unsatisfied and uncanceled; that the liability of said Bryan, upon his said bond as treasurer of said lodge, for said sum of $125, still remains, and is unsatisfied and undischarged; and that this action was not commenced by authority of said lodge; and this they are ready to verify," &c.

"7. And said defendants Wm. H. Davis and John M. Sprowl, for separate plea in this behalf, by leave of the court pleaded, say *actio non*, because they say that said Jesse W. Bryan, before the making of said note mentioned in said complaint, was indebted to said lodge in the sum of $325; that said note was given for said debt of said Bryan, but does not express that such was the consideration thereof; and so the said Davis and Sprowl say, that said note, as to them, is void by the statute of frauds; and this they are ready to verify," &c.

The plaintiff demurred to all these special pleas, and assigned the following grounds of demurrer to each:—

To the second plea,—"1st, because it does not allege or state any fact, nor aver that said note has been transferred,

nor aver to whom said note belongs, or who has an interest therein ; and, 2d, because said plea, in fact, is a plea in abatement, and is not sworn to."

To the third plea,—" 1st, because said plea is no answer to the complaint; 2d, because it is immaterial to whom said money belonged, or whether it was loaned by the plaintiff with or without the authority of said lodge ; 3d, because there is no averment that said lodge had any corporate existence, or that said lodge had any authority to adopt a constitution or by-laws."

To the fourth plea,—" 1st, because there is no averment in said plea that said lodge has any corporate existence ; and, 2d, because there is no averment that said lodge, or the committee under whose control said widows and orphans' fund is alleged to be, refused to accept the same, or dissented from the action of the secretary in that behalf."

To the fifth plea,—" 1st, because there is no averment in said plea that said lodge ever disapproved the action of said secretary in taking and receiving said note ; 2d, because there is no averment that said secretary did not hold the note as the agent of said lodge, or that said lodge ever in any way dissented from the action of said secretary in that behalf."

To the sixth plea,—" 1st, because there is no averment that the secretary in any way accepted (*exceeded ?*) his authority in taking said note sued on ; 2d, because there is no averment that said lodge in any way dissented from, or disapproved of, the action of its secretary in that behalf; 3d, because there is no averment that said secretary is not the agent of said lodge to hold said note ; and, 4th, because there is no averment that said lodge claims or seeks to enforce the liability of said Jesse W. Bryan, either on said note for $200, or on his bond as treasurer."

To the seventh plea,—" 1st, because there is no averment that there was not any new consideration for said note ; and, 2d, because there is no averment that the time of payment was not extended."

The court sustained all the demurrers, and thereupon the defendants withdrew their first plea, and refused to plead over ; and judgment was accordingly rendered for the plaintff.

The errors now assigned are, 1st, in allowing the complaint

to be amended by striking out the name of Duncan and inserting the name of Wilson ; and, 2d, in sustaining the demurrers to the several pleas respectively.

TURNER REAVIS, for the appellants :

1. The case of Leaird v. Moore, decided at the present term, settles beyond question that the court committed an error, in allowing Duncan's name to be struck out as plaintiff, and Wilson's to be substituted.  In that case exception was taken to the allowance of the amendment, but in this none was taken.  The fact, however, that no exception was taken, cannot make a difference between the two cases ; for it is a rule, that whenever the court acts against a party, *in invitum*, and the record shows that the court erred in doing so, no exception is necessary to enable the party injured to insist upon the error in this court.—Carter v. Pickard, 11 Ala. 673. In this case the court gave leave to amend, as part of the judgment on the demurrer, without being asked for leave. No exception to this erroneous judgment was necessary, according to the case cited ; and no exception being necessary, pleading to the amended complaint can no more cure the error than it did in the case of Leaird v. Moore.  Allen v. Harper, 26 Ala. 686, is not like this case.  In that case, there was a trial and verdict, without objection to the want of a declaration.  The court did not, *mero motu*, act against the party, as it did in this case.

2. The second plea was a good plea in bar.  No one but the party really interested had a right to sue on the note.— Code, § 2129.  Under the general issue, at common law, the defendant had a right to show, that the plaintiff had no right to maintain the action.—Bryant v. Owen, 2 Stew. & Port. 134; 1 Saund. on Pl. & Ev. 142, 152 and 153, top pages.  Under section 2237 of the Code, the defendant may plead specially any matter of defence.  The case of Agee v. Medlock, 25 Ala. 281, was upon an *endorsed* note, and was decided without reference to the provisions of the Code, above cited.  This action is not upon an endorsed note.

3. The third plea is good, as a plea of want of consideration.  For, if the noble-grand had no authority to lend the money, the defendants were liable for it to the party to whom

Bryan et al. v. Wilson.

it belonged ; and a recovery by the plaintiff, and a satisfaction of the judgment by the defendants, would not relieve them from the liability.—Hunter v. Field, 20 Ohio R. 340 ; Sowles v. Sowles, 10 Verm. 181; Bryan v. Philpot, 3 Ired. 467.

4. The fourth plea is good for the same reason ; and for the further reason, that as the secretary had no authority to include the $125 in the note, there was a want of consideration as to that amount.

5. The fifth plea is good, because, until the lodge approved or accepted the note, the debt against Bryan still subsisted, and, consequently, there was no consideration for it, until such acceptance or approval. Indeed, the note could have no binding validity at all, until the lodge accepted it.—Crops v. Bealle, 5 Eng. Law & Eq. Rep. 408 ; Capps v. Smith, 3 Scam. 177; Denniston v. Bacon, 10 Johns. R. 198.

6. The sixth plea is good, as a plea of want of consideration. The note being given to extend Bryan's debt to the lodge, subject to the approval of the lodge, had no validity until it should be accepted by the lodge, and Bryan's debt canceled. If the consideration is sufficient as to the $200, it is not as to the $125. Consequently, the plea is good as a plea of partial want, or failure of consideration. If Bryan's debts to the lodge are still held against him, and the cancellation or extension of these debts be the intended consideration of the note, then there is no consideration at all,—especially as the note has never been accepted, nor acted upon, nor approved by the lodge, in accordance with its own resolution. There can be no doubt that the sixth plea presents a good bar to the action.—See the authorities previously cited.

7. The seventh plea is also good, under the new statute of frauds.—Code, § 1551.

S. F. HALE, contra :

1. Pleading to the amended complaint, without saving any objection to its allowance, was a waiver of the irregularity, and the point cannot be raised here for the first time.—Allen v. Harper, 26 Ala. 689; Henley v. Branch Bank at Mobile, 16 ib. 557; Bancroft v. Stanton, 7 ib. 351.

2. The second plea was bad on demurrer.—Agee & Agee v. Medlock, 25 Ala. 283.

3. The third, fourth, fifth, and sixth pleas were all defective for the causes assigned in the demurrers. None of them show a failure of the consideration of the note sued on.

4. The seventh plea does not present a case within the statute of frauds.—Code, § 1551.

RICE, J.—The right of the appellants to revise the action of the court below, in allowing the amendment of the complaint, was waived by their filing pleas to the amended complaint, without making any objection to the leave to amend, or to the amendment itself. Such points cannot be raised for the first time in this court, but must be made in the primary court, and presented by exception duly taken; as was done in Leaird v. Moore, decided at the present term.

Until the Code went into effect, the general rule was observed, that an action for the breach of a contract must be brought in the name of the person having the *legal* interest in it.—Fortune v. Brazier, 10 Ala. 791.

But section 2129 of the Code provides, that "Every action founded upon a promissory note, bond, or other contract, express or implied, *for the payment of money*, must be prosecuted in the name of the party *really* interested, whether he have the legal title or not," &c.

Before the Code took effect, a plea by the makers of a promissory note, in a suit thereon by *the payee*, that "the plaintiff is not the party really interested in said note", would have been held bad on demurrer.—Bancroft v. Paine, 15 Ala. 834. But under the section of the Code above cited, we are constrained to hold that such a plea is good in bar, even in a suit brought in the name of *the payee* of a promissory note.

We deem it just to say, that when the payee takes issue on such plea, the mere introduction of the note as evidence will make out a *prima facie* case for him; for where a note is payable to the plaintiff, it is an admission that he is entitled to receive the amount thereof.—Grigsby v. Nance, 3 Ala. 347.

An agent may have a special interest or property in a promissory note given to him for money of his principal, which he has lent without authority; and whenever he has such interest or property in such note, he may sue upon it.—Tompkies v. Reynolds, 17 Ala. 109.

The general rule, that an agent shall not sue on contracts made by him in the name and on the behalf of his principal, is admitted. But there are several classes of cases, where the agent acquires personal rights, and may maintain an action upon the contract in his own name, without any distinction, whether his principal is, or is not, entitled also to similar rights and remedies on the same contract. One of these classes is, where the promise is in writing, and made to the agent by *name*, as well as description of office. Another class is, where the agent has made a contract, in the subject-matter of which he has a special interest or property, whether he professed at the time to be acting for himself or not.—Story on Agency, § 393; Fortune v. Brazier, 10 Ala. 791; Bancroft v. Paine, 15 *ib.* 834 ; Nabors v. Shippey, 15 *ib.* 293.

In Tompkies v. Reynolds, 17 Ala. 109, it was held, that if an executor or administrator lends the money or choses in action of the estate, *without authority to do so*, it is a conversion for which he becomes personally liable, and he may in such case sue on the written contract in his own name, notwithstanding he has resigned or been removed from the administration, unless it be shown that he has *in some way been discharged from the liability thus incurred.* It was further held, that those representing the estate had the right (if they elected so to do) to interpose, in a proper manner, to arrest the payment to the removed executor, and claim the contract as a portion of the estate.

In Sorrelle v. Elmes, 6 Ala. 706, it was held, that pleas which amount to nothing more than a denial of an execution of the note sued on, *in such a manner as to be binding on the defendant,* are bad, unless they are verified by the affidavit required by the statute.

The pleas in this case are not verified by any affidavit. There is no averment in any of them, that the plaintiff has been discharged from the liability which he may have incurred in consequence of acting without authority, as alleged in some of the pleas. It is not shown or averred that his action has been repudiated by the lodge, or that his authority has been revoked by it, or that it has refused to approve of his conduct in taking the note sued on. It is not averred in the third, fourth, fifth, .sixth or seventh plea, that the plaintiff has no interest in the note.

We think the *principles* on which the cases of Tomkies v. Reynolds and Sorrelle v. Elmes, above cited, were decided, may well be applied to the present case; and that under the application of these principles, the third, fourth, fifth and sixth pleas are bad.—Fletcher v. Edson, 8 Vermont R. 294.

The seventh plea is bad, because it does not constitute a defence to the extent to which it professes to go. It professes and undertakes to answer *the action,* and to constitute a bar as to *all the defendants;* but in truth it makes no answer as to one of the defendants.—Deshler v. Hodges, 3 Ala. 509.

We do not wish to be understood as deciding that there is no other valid objection to the third, fourth, fifth, sixth and seventh pleas, than we have above specified. Without examining any other objections to them than those above shown, we decide that they are bad, and that the court below did not err in sustaining the demurrers to them.

For the error in sustaining the demurrer to the second plea, the judgment is reversed, and the cause remanded.