## TURNLEY et al. vs. BLACK et al., Ex'rs.

### [ACTION ON PROMISSORY NOTE.]

1. *Promissory note, payee of; presumption prima facie of title in.*—In an action by executors on a promissory note, found by them among the papers of their testator, and not payable to him, but to a third person, in which the defendants filed a sworn plea that the said note was given and payable to said third person, and never endorsed or assigned to plaintiffs' testator; and that the plaintiffs had no interest or title in said note, and where the evidence is contradictory—that on the part of the plaintiffs tending to show that the said note had been transferred by the payee, and that on the part of the defendants, that there had been no such transfer, but that the note was still the property of the payee—it is an error, for which the judgment will be reversed and cause remanded, to refuse to give a charge, in writing, asked by the defendants, that the note being payable to a third person, the law presumes him to be the owner until the evidence shows that his title to the note has terminated.

APPEAL from the Circuit Court of Calhoun.
Tried before Hon. W. L. WHITLOCK.

The facts upon which the decision is based, are sufficiently set out in the opinion.

J. T. Heflin, and Walker, Murphey & Winter, for appellants.

Ellis & Caldwell, contra.

PECK, C. J.— This action was brought by the appellees, as the executors of the last will and testament of Peter Black, deceased, on a promissory note made by the appellants and payable to one J. G. J. Whiteside. The appellants filed a sworn plea, that the said note was given to said Whiteside, and that said note was never endorsed nor assigned to said appellees' testator, and that they had no interest in, or title to, the said note. A trial was had by a jury on this plea. The appellees read the said note to the jury, and then proved by S. R. Black, one of the executors, that as executor he found the said note among the papers of the deceased, and made a return of the same to the probate court, as a part of the assets of testator. There was much evidence on both sides; that on the part of appellants tended to show, that the note had never been transferred to the deceased, or otherwise parted with, by said Whiteside; and that on the part of the appellees tending to show, that he had transferred the said note to the deceased. When the case was submitted to the jury, the appellants asked the court, in writing, to give six several charges to the jury, all of which were given, except the second, which was refused. The second charge asked, is in the following words, to-wit, that " the note being payable to J. G. J. Whiteside, the law presumes he is the owner, until the evidence shows that his title to the note has terminated."

Under the said plea and the evidence in the case, this charge should have been given. It is certainly true, that the law presumes that the payee is the owner, until the contrary is shown.— Grigsby, Ex'r, &c. v. Nance, 3 Ala. 347 ; Greenl. on Evidence, § 41. But this presumption is overcome, when it is proved to be in the possession of another claiming it as his own, or if found among the papers of a deceased person.

The appellants, under the plea and the evidence, were entitled to have the question, whether this note belonged

to the payee, or had been transferred to appellees' testator, fairly submitted to the jury. The charge asked and refused, if given, would have done this. As the evidence of the appellants tended to show that the note still belonged to the payee, whether strongly or slightly, was not a question for the court, but for the consideration of the jury, therefore, the charge asked and refused should have been given. The refusal to give this charge, with other matters stated in a bill of exceptions, relating principally to the admissibility of evidence, are assigned for errors. We think, however, there is nothing in the other assignments of error, but for the error in refusing to give the second charge, the judgment is reversed and the cause remanded, at the costs of the appellees.