### PRIM AND ABBOT v. DAVIS.

1. A plea of freehold and permanent residence in a county, other than that where the suit was commenced, is good as a plea in abatement when it states the facts which authorize an exemption from suit in that county, although it begins and concludes as a plea to the jurisdiction, but does not set out the proper jurisdiction in affirmative terms.

2. It is not essential that a plea in abatement should be verified by the oath of the defendant, or that it should be signed by him; its truth may be shown by the affidavit of another person; and it may be signed by counsel.

3. If an action of debt can properly be maintained on a bail bond, it does not follow that the action is local; such an action is liable to be abated on the plea of the defendant if he is not sued in the proper county.

Writ of error to the Circuit Court of Dallas County.

ACTION of debt on a bail bond, executed by the defendant to the sheriff of Dallas county. Plea in abatement that the defendant, at the time when the suit was commenced, was a freeholder of, and a permanent resident in, Perry county of this State. The plea commences and concludes as a plea to the jurisdiction; is signed by counsel, and verified by the

affidavit of one L. H. Davis. The plea was sustained on demurrer, and the plaintiff having replied, an issue on it was found for the defendant, who thereupon had judgment, &c.

The plaintiffs assign the judgment on the demurrer as error.

GEO. W. GAYLE, for the plaintiff in error, insisted—1st, that the plea should have prayed judgment *that the writ should be quashed ;* and not, as it does, *whether the Court will take further cognizance.* 1 Chitty's Plead. 450 ; 3 Saund. 209, a note 1 ; Gould's Plead. 293.

2d. That the plea is bad, because the action is local, and must be in the same county where the record of the suit remains against the principal. 8 Term Rep. 153 ; 6 ib. 365 ; 13 John. Rep. 424 ; 13 Wend. 33 ; 1 Dunlap's Pract. 186.

3d. That it is bad as a plea to the jurisdiction, because the proper jurisdiction is not shown ; and also, because it is signed by counsel instead of the defendant.

EDWARDS, contra, cited 1 Chitty, 450, 431; 2 do. 444; 1 ib. 219; 1 Stewart, 379; 7 Porter 10—to show that the plea was properly pleaded ; but, if it was otherwise, then he insisted that the action of debt cannot, in this State, be sustained on a bail bond; and that the only remedy is by *sci. fa.*

GOLDTHWAITE, J.—1. We do not consider this plea to be irregular or defective either in form or substance. The facts, alledged by it to exist, make out a case of exemption from suit in any other county in this State except Perry county. It is immaterial to the defendant what other Court has jurisdiction, if he, by law, is exempt from that to which he is cited by the plaintiffs. He shows the facts, and properly prays whether the Circuit Court of Dallas will take further cognizance of a suit which he is exempted from by the statute.

2. The statute, which requires pleas in abatement to be verified by oath, does not direct by whom it shall be made. This plea is verified by the affidavit of one who is not the defendant, but we cannot say that this is irregular; or that by such a practice an undue facility is given to pleas of this description. The object of the affidavit is to apprize the plaintiff that the

4

plea is true in point of fact, and thus enable him to discontinue his action at the earliest period, and recommence it in a proper manner. The necessity to plead pleas in abatement in person, and that they should be signed by the defendant, grew out of a legal sophism, of which the form is preserved, although the substance has long ceased to have any weight. The form indeed continues as to the statement that the defendant comes in his own person; but we are not aware that any but counsel are required to sign a plea. It is certainly no cause of demurrer to omit the signature.

3. The action of debt is transitory, and may be instituted in any county where the defendant is properly suable. We cannot, on a demurrer to a plea in abatement, look back to ascertain if the declaration is bad; [2 Salk. 212] therefore we decline to determine whether the action of debt will or will not lie on a bail bond; but if it is a proper action it does not follow that it is local, because a *sci. fa.* on the bail bond would be so. The action, if it can be maintained, is transitory, and and is liable to be abated on the plea of the defendant, if he is not sued in the proper county.