## DEFOREST, MORRIS & WILKINS v. ELKINS.

1. When bail plead in abatement of the suit against their principal, (as they are permitted to do by statute,) the plea must alledge the existence of the facts which authorize them, as bail, to defend the suit.

2. When a plea in abatement is not signed by counsel, this is not a sufficient reason, to set aside the plea at a subsequent term; nor is the objection available on demurrer.

3. A resident, who is served with process within the county of his residence, cannot properly be sued in another county, unless he is sued jointly with some other person, jointly liable; and in such a case, the appropriate indorsement must be made on the writ, as required by the statute, or the suit may be abated on plea.

Writ of error to the Circuit Court of Autauga County.

ACTION of assumpsit, commenced in the Circuit Court of Autauga County, against Jones and Elkins, but discontinued as to the former, who was not served with process. Bail was required, and Elkins, when arrested by the sheriff of Shelby County, was bailed by one B. Davis. A plea in abatement was interposed at the appearance term, which purports to be pleaded by Elkins, in person, but is signed, with his name, by "Bennett Davis," his bail, and is verified by the affidavit of the same person.

This plea commences and concludes, a plea to the jurisdiction; it alledges, that before and at the commencement of the suit, and from thence until the time of the service of the writ, the defendant, Elkins, was a resident of Shelby County, and

that the sheriff of that county, there executed the writ; it also alledges the proper jurisdiction to be in the Circuit and County Courts of Shelby County.

The plaintiff demurred to this plea, and his demurrer is entitled of the same term as the plea; but at a subsequent term, he moved the Court to set aside the plea, which is not signed by counsel. The Court refused the motion, and over-ruled the demurrer. This judgment on the demurrer, is now assigned as error.

Pryor, for the plaintiffs in error, insisted that, the plea should have been stricken out, as it was not signed by counsel; it was bad on demurrer for the same reason, and because the facts were not alledged in the plea, which alone could give the bail, the right to defend the suit, even if it was questionable, whether bail can, in any case, plead in abatement.

But the plea is also bad, because it is immaterial where a person, who is not a freeholder, is sued. The act of 1836, authorizes the process to be directed to, and served by the sheriffs of the State; and a non-freeholder has no exemption. Besides this, it may be, that Jones, the other defendant, was a resident of Autauga County, and then both defendants could be sued there. This fact should have been negatived by the plea.

J. B. Clarke, contra.

GOLDTHWAITE, J.—1. My opinion is, that the bail to an action, is not, under the statute referred to, entitled to plead in abatement; but a majority of the Court incline to view the statute differently. However this may be, we all agree, that if a plea in abatement can be pleaded by bail, the plea filed by them, must state the facts, which, under the statute, authorize them to defend the suit. The plea in this case, therefore, cannot be supported as the defence by bail; but this is an immaterial question, because there is nothing on the face of the plea to lead to the conclusion that it is pleaded by the bail. Elkins is said to come and defend, and it is only from the signature to the plea, and the affidavit by which it is verified, that we are apprised of any connexion of Davis with the defence.

2. In the case of Prim & Abbot v. Davis, we decided, during the present term, that it was unnecessary, that a plea of this

kind, should either be verified, or signed, by the defendant.   It is proper, that all pleas should be signed by counsel; but an omission to do so, is no sufficient reason to set aside a plea in abatement at a subsequent term, nor is the objection available on demurrer.

3. Our investigation is thus narrowed to an examination, whether a resident, who is served with process in the county of his residence, can properly be sued to another county, when nothing appears on the process to warrant the jurisdiction.

An examination of the several statutes, bearing on this question, will be necessary for the proper understanding of our decision.

The eleventh section of the act of 1807. [Digest, 267, s. 53] provides, that all transitory actions shall be commenced in the county in which the defendant may be found.

The twelfth section of the same act. exempts resident freeholders from suit, in any county but that in which they permanently reside.   And the thirteenth section, provides, that persons jointly liable, may be sued in the county where any one of them may reside; but, in such a case, several writs, to the several Courts, are to be indorsed that they are for one and the same cause of action; otherwise, they may be abated on the plea of the defendant.

Neither of these sections provided for the service of process, when the defendant withdrew to another county.   This defect was remedied, to some extent, by the act of 1818, [Digest, 279, s. 115] which provided for the service of process, on such a defendant, in an *adjacent county*.   The process, however, was directed to the sheriff of the county, where the defendant was resident, or there commorant, and could only be executed by him or his deputy, in the adjacent county.

Next came the act of 1836, [P. P. 25] which removed the difficulties we have adverted to, and it is under this act, that the plaintiffs consider they are authorized to proceed as they have.   Its terms are as follows : " Hereafter, all original, mesne or final process, shall be directed to any sheriff of the State of Alabama, and it shall be the duty of any sheriff, in whose hands such process may be placed for service, to execute and return, or to return, if it cannot be executed, the same as re-

quired by law, when process is specially directed to him : *provided*, that no bail writ, or *ca. sa.* shall be executed on any defendant, who is a freeholder in the State, out of the county of his permanent residence, or any adjoining county, unless the plaintiff, his agent or attorney, shall first make affidavit, that the defendant has left the county of his residence, for the purpose of evading service of the process, in the proper county,"

It is obvious, when these several statutes are collated, that the act 1836 makes no change whatever, in the jurisdiction of the several courts over defendants ; but leaves it precisely as it was by the act of 1807.

The only case, by the act of 1807, in which a writ returnable to one county, can be served in another, is when two or more persons are sued for some joint cause of action. The act of 1818 enlarged the authority of sheriffs, and authorised the service of process returnable to one court, to be made in an adjacent county, and the act of 1836, makes the service by any sheriff proper.

It was not necessary for the plea in this case, to negative the presumption, that Jones, the co-defendant, was a resident of Autauga County, because no such presumption necessarily arises ; and because if such was the case, the writ would, notwithstanding, be liable to abatement, as it has not the proper indorsement to suit such a state of fact.

The defendant being a resident of Shelby County, and being there served with process, was not liable to be sued in Autauga County, except as provided for by the act of 1807, before examined. The want of jurisdiction is properly shown by the plea, therefore there is no error in the judgment of the Circuit Court, and it is accordingly affirmed.