## WILLIAMSON & ARRINGTON *vs.* HOWELL ET AL.

1. A conversion of property by two gives the owner a *joint* cause of action against them, within the meaning of the statute of 1807, and if they live in different counties, he may sue both in the county in which either resides.

Error to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

STEWART, for the plaintiffs in error:

The general law requires that parties shall be sued in the counties of their residence. This is our general policy.

The special act relates to actions *ex contractu*—necessity required that act in such cases, because on joint contracts, separate actions could not be sustained. The construction must be given in view of what the evil was, which sought to be remedied.

If branch writs are allowed in *torts*, the door is opened to the greatest abuse and fraud on the jurisdiction of the courts. The names of parties will be included in writs so as to make a party answer where the plaintiff pleases.

BLOUNT, for the defendants.

The branch writ, issued to Wilcox county, to defendant Williamson, was authorised by statute.—Clay's Dig. 322, § 59, 342, §§ 162-3; De Forest et al. v Elkins, 2 Ala. 50.

Joint contracts, and *all joint torts*, are joint causes of action. St. John v. O'Connell, 7 Por. 474; Strickland v. Barrett, 20 Pickering 417; Chamberlain v. Shaw, 18 Pickering, 278; White v. Dewan, 2 N. Hamp. 546.

In actions *ex contractu*, as well as *ex delicto*, whether by or against partners, plaintiff must allege all the causes of action to be joint.—2 Saunders Pl. & Ev. 703.

PARSONS, J.—But one of the assignments of error is now insisted on. The action was brought in the Circuit Court of Mobile county, against Joseph Arrington and Benjamin Williamson. It is an action of trover, brought to recover damages for the conversion of a negro belonging to the plaintiffs by the de-

fendants below jointly.   It appears by the writ that Arrington resided in Mobile county, and that a branch writ was sent to be served on Williamson in Wilcox county, both of the writs being for one and the same cause of action and so endorsed.  Williamson moved the Circuit Court to quash the writ, because that court, as was supposed, had no jurisdiction of him, for the reason that he did not reside in Mobile county.   The motion was overruled, and that is now assigned as error.   The question is whether both of the defendants could be sued jointly in Mobile county by means of a branch writ, for a conversion by them jointly, when only one of them resided there, the other residing in Wilcox.   This must depend upon the statute.   The act of 1807, Clay's Dig. 322, § 59, begins with a preamble, in which it is declared that joint obligors and other persons, against whom a joint cause of action might exist, frequently resided in different districts or counties, so that the same process could not reach both or all of such persons, whereby parties having just demands were greatly delayed in prosecuting the same, and for remedy thereof it was enacted "that when any such joint cause of action shall exist," the plaintiff might sue out two or more writs to the different counties, where such defendants or parties jointly chargeable might be found, and the sheriff was to execute the process and return it to the court from which it issued; the writs so issued and returned to be filed together and operate as one.

We think that a joint cause of action, within the meaning of the statute, did exist against Arrington and Williamson, according to what appears by the writ and branch writ; and consequently, we think, that both might be sued in Mobile county, where one of them resided.   It is difficult to suppose that the Legislature intended to subject joint contractors to the provisions of this statute, but to exempt joint wrong doers.   If the cause of action is joint, the statute applies, as we think, and it makes no difference if the parties might also be sued severally.   The language is "joint obligors and other persons, against whom a joint cause of action may exist."   Within the meaning of the statute, a joint cause of action exists against all persons, who may be sued jointly; for if they may be sued severally also, yet as they may be sued jointly, it proves that a joint cause of action existed.   This construction advances the remedy intended, and it is authorised by the language of the statute.   In general there is no distinc-

tion under the statutes, between actions *ex contractu* and *ex delicto*, as it respects the place of suing.—De Forest et al. v. Elkins, 2 Ala. 50. In either, the plaintiff may, in general, sue in any county in which one or more of the defendants may reside, and if the suit is founded on a joint cause of action, he may have a branch writ to other counties to bring in other defendants. By the act of 1818, Clay's Dig. 323, § 61, every joint bond, &c., is to have the effect of a joint and several bond, &c., and the parties may be sued jointly or severally. Since that act there have been very few exclusively joint causes of action in this State. But it has been the practice all the time to issue branch writs, in suits upon bonds, &c., which were joint at the common law, but joint and several under our statute. The general practice has been to issue branch writs, when necessary, in all actions founded on joint and several bonds, notes, &c., and this shows the general construction, which has prevailed for many years, and it is a construction, which is inconsistent with the idea that the branch writ cannot be used, except when the cause of action is joint only. Let the judgment be affirmed.