## McCOY *vs.* HARRELL, NICHOLS & CO.

[ACTION ON PROMISSORY NOTE EXECUTED IN PARTNERSHIP NAME.]

1. *Verification of plea of non est factum.*—A plea which states, in its body, that "the defendant, for answer to the complaint," saith that he did not sign the note sued on, &c., "and he makes oath that this plea is true," and which is shown by the record to have been sworn to before the clerk, appears with sufficient certainty to have been verified by the oath of the defendant, although it is signed by his attorneys, and not by himself.

2. *Judgment by default after plea filed.*—A judgment by default, in an action on a promissory note, will be reversed on error, when the record shows that a plea of *non est factum*, duly verified by affidavit, was on file.

APPEAL from the Circuit Court of Chambers.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Harrell, Nichols & Co., against Daniel H. McCoy, to recover the amount alleged to be due on "a promissory note made by McCoy & Goss on the 20th March, 1857, and payable five months thereafter to the said Daniel H. McCoy, being one of the firm of Mc-Coy & Goss, with interest thereon and protest fees"; and was commenced on the 8th August, 1859. The record contains a plea, which is in the following words : " The defendant, for answer to the complaint, saith that the note upon which this action is founded, signed 'McCoy & Goss,' was not executed by him, or by any one authorized to bind him ; and he makes oath that this plea is true." This plea is signed by Richards & Falkner, attorneys for defendant; and beneath it is a memorandum, signed by the clerk, in these words: "The above plea sworn to before me, this 12th day of September, 1859." Judgment by default was rendered at the fall term, 1859, (the record does not show on what day,) and that judgment is now assigned as error.

J. FALKNER, for appellant.—It was error to render judgment by default when there was a valid plea on file.—*Crow v. Decatur Bank*, 5 Ala. 249. The plea set out in the record is in the form prescribed by the Code, (p. 556,) and must be held sufficient.—*Letondal v. Huguenin*, 26 Ala. 552; *Cumming v. Richards*, 32 Ala. 459. It is not essential to the legal sufficiency of the verification that it should be signed.

W. H. BARNES, *contra.*—A judgment by default will not be reversed on error because an affirmative plea was put in.—*McCollum & Capell v. Hogan*, 1 Ala. 515 ; *Dougherty v. Colquitt*, 2 Ala. 337 ; *Crow v. Decatur Bank*, 5 Ala. 244. The same rule must apply here, when an insufficient plea appears to have been put in. The statute dispenses with proof of the note which is the foundation of the suit, unless denied by plea verified by affidavit.—Code, § 2279 ; *Ala. Coal Mining Co. v. Brainard*, 35 Ala. 476. The plea purports to be sworn to by the defendant, but it is signed by his attorneys, and not by himself; and the clerk's memorandum does not remove the doubt. The clerk's state-

ment may be true, and yet the defendant may have never seen the plea.

JUDGE, J.—The plaintiff in the court below sued the defendant on a promissory note, purporting to have been executed by "McCoy & Goss." The defendant McCoy interposed a plea of *non est factum*, in the words of the form for such pleas, prescribed by the Code. Section 2279 of the Code provides, that "all written instruments, the foundation of the suit, purporting to be signed by the defendant, his partner, agent, or attorney in fact, must be received in evidence, without proof of the execution, unless the execution thereof is denied by plea, verified by affidavit." It is contended, in the case before us, that it does not appear that the plea was sufficiently verified by affidavit.

It is the settled law of this State, that in all cases where, under our statute, or according to our practice, a plea must be verified by oath, the oath is a part of the plea, so much so, that without it the plea may be stricken out on motion. *Hunt v. Test*, 8 Ala. 713; *Sorrelle v. Elmes*, 6 Ala. 706. Therefore, as has been repeatedly held, a demurrer to a plea reaches the want of an affidavit, when one is necessary.—*McAlpin v. May*, 1 Stew. 520; *McWhorter v. Lewis*, 4 Ala. 198.

The oath and the plea, then, being parts of the same instrument, the two must be looked at and construed together, to determine what has been sworn to, and by whom. In this case, after the averment that the note was not executed by the defendant, nor by any one authorized to bind him in the premises, it is recited in the plea, that the *defendant* "*makes oath that this plea is true*"; and at the foot of the plea, the clerk certifies as follows: "The above plea sworn to before me, this 12th day of September, 1859." These recitals, in the plea, and in the certificate of the clerk, taken together, make it clear, in our opinion, that the plea was verified by the affidavit of the defendant.

Even in pleas in abatement, where matters of form are regarded as substance, it has been held that the terms "sworn to and subscribed in open court," at the foot of the plea, (as certified by the clerk,) is a sufficient compliance

with the statute, which requires such pleas to be accompanied with an affidavit of their truth.—*Powers v. Bryant's Adm'r*, 7 Porter, 10 ; *State v. Middleton*, 5 Porter, 484. And in such pleas, it is not essential that they should be verified by the oath of the defendant, or that they should be signed by him ; their truth may be shown by the affidavit of *another person;* and they may be signed by *counsel.*—*Prim & Abbott v. Davis*, 2 Ala. 24 ; *DeForest, Morris & Wilkins v. Elkins*, 2 Ala. 50. No sufficient reason is perceived why the same rules should not be applied to pleas of *non est factum.* Neither the statute which requires pleas in abatement to be verified by oath, nor the statute which makes the same requirement as to pleas of *non est factum*, directs by whom the oath shall be made. But, as we have already said, we think it sufficiently appears in the case before us, that the plea was verified by the affidavit of the defendant himself.

2. It is true, as a general rule, that where a defendant pleads an affirmative plea, the *onus* of proving it lies upon himself ; and if he does not appear to sustain his plea, and a judgment by default is rendered in favor of the plaintiff, it will not be reversed on error, for the irregularity works no injury.—*Dougherty v. Colquitt*, 2 Ala. 337 ; *McCollum & Capel v. Hogan*, 1 Ala. 515. But, when a sworn plea is interposed, denying the execution of the instrument sued on, the rule stated has no application. In such case, the parties stand as they did at common law, when the general issue was pleaded, which devolved on the plaintiff the necessity of proving the execution of the instrument sued on; and such proof not having been made by the plaintiffs in this case, it was error to render a final judgment by default against the defendant.—*Crow v. The Decatur Bank*, 5 Ala. 249.

Let the judgment be reversed, and the cause remanded.