# Lady Ensley Furnace Co. v. Rogan & Co.

### Garnishment in aid of Pending Action.

1. *Indebtedness accruing between service of garnishment and answer.* A garnishee is required to answer as to his indebtedness, not only at the service of the garnishment, and at the time of making his answer, but also during the intervening period (Code, § 2946), even though the writ or citation does not so state; and being required to make further oral answer,· this liability continues until final judgment against him or discharging him.

2. *Claim of exemption by debtor to indebtedness admitted by garnishee under continuing contract.*—When a garnishee admits an indebtedness under a continuing contract of employment, which either party has a right to terminate without notice at the end of any month, and a claim of exemption is thereupon interposed by the debtor, the claim extends only to the indebtedness then existing; and an oral answer being required, if the garnishee then admits a further indebtedness under the contract, as modified from time to time, and a new claim of exemption is then interposed, this claim can not retroact on payments made during the intermediate period.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. H. C. SPEAKE.

On the 13th June, 1889, Rogan & Co. commenced an action by summons and complaint against Jarius Collins, and sued out a garnishment in aid of the action against the Lady Ensley Furnace Company, a private corporation, as the debtor of said Collins. The garnishment required the

[Lady Ensley Furnace Co. v. Rogan & Co.]

garnishee to answer "what they are indebted to said defendant at the time of the service of this writ, or at the time of making their answer, and whether they will not be indebted in future by a contract then existing;" and it was served on the garnishee on said 13th June, 1889. On the 19th September, 1889, the plaintiff obtained a judgment by default against Collins for $132.28, and a judgment *nisi* was entered against the garnishee for want of an answer. On the 22d February, 1890, Collins filed in court, with the clerk, his claim of exemption, claiming among other things the debt due to him by the garnishee. On the 3d March, 1890, the garnishee filed a written answer under oath, admitting an indebtedness at that time of $150. At the same term, on March 19th, an order was entered, at the instance of the plaintiff, requiring the garnishee to answer orally at the next term, and the cause was continued. At the next term, the garnishee answer orally, by its authorized agent, that Collins had been in the employment of said company continuously from January, 1889, at stipulated wages payable monthly; that either party had the right to terminate the contract at the end of any month, without notice to the other; that the wages were paid at the end of each month, and the amount was several times changed; that a new contract was not made at the end of each month, but the defendant "just went on as before;" and that the several sums thus paid him, after the service of the garnishment, aggregated $1,847.50. At the same term, the defendant filed a second claim of exemption, claiming that his monthly wages, which he had received and spent, were exempt, and specifying other personal property aggregating about $613 in value. On these facts, the court rendered judgment against the garnishee, for the amount of plaintiff's judgment, with interest; and this judgment, to which the garnishee excepted, is here assigned as error.

JAMES JACKSON, for appellant.—The garnishment did not require the garnishee to answer as to any indebtedness intervening between the service of the writ and the answer, and any such indebtedness was outside of the issue.—Code, § 2974; Drake on Attachments, 6th Ed., §§ 451,667.

J. B. MOORE, *contra*, cited Code, § 2946; *Archer v. People's Savings Bank*, 88 Ala. 249; *Craft & Co. v. L. & N. Railroad Co.*, 93 Ala. 22.

WALKER, J.—The writ of garnishment in this case required the garnishee to answer what it was indebted to the defendant at the time of the service of the writ, or at the time of making its answer, and whether it would be indebted in future to him by a contract then existing. The service of the garnishment created a lien in favor of the plaintiff, upon any debt of the garnishee to the defendant which might be disclosed by the answer, or on a contest thereof.—Code, § 2957. The citation did not in terms require an answer as to the time intervening the time of serving the garnishment and making the answer, and in this respect it did not follow the language of the statute.—Code, § 2946. Its manifest purport, however, was to require the garnishee to answer as to any indebtedness which was existing at the time the writ was served, or which may have accrued when the answer was made, or which might become due in the future under a contract then existing. A writ of garnishment is mere process, and it serves its purpose when it brings the garnishee before the court.—*Curry v. Woodward*, 50 Ala. 258. Any indebtedness of the garnishee to the defendant which accrued between the dates of the service and of the answer was fairly within the scope of the questions propounded, and a payment of such debt by the garnishee before making his answer can not be permitted to have the effect of withdrawing it from the lien of the writ. The garnishment entitled the plaintiff to have such debt appropriated to the satisfaction of his judgment against the defendant, if it should be disclosed at any time while the proceeding was pending.

The writ of garnishment was served June 13th, 1889. On March 3d, 1890, a written answer was filed for the garnishee. During that term of the court the plaintiff obtained an order requiring the garnishee to answer orally in the presence of the court. This order was not complied with until during the September term, 1891. If the original answer of the garnishee had disclosed the facts as to the relations existing between it and the defendant, the plaintiff would have been entitled to a continuance of the garnishment, and to require the garnishee to make further answers. On the oral examination of the secretary and treasurer of the garnishee, it was developed that the defendant was an employe of the garnishee from the date of the service of the writ until March 1st, 1891, and during that time was paid for his services more more than eighteen hundred dollars. By the terms of the contract under which the services were rendered, the defendant had the right to quit at the end of

[Lady Ensley Furnace Co. v. Rogan & Co.]

any month without notice, and the garnishee had the right to discharge him without notice. The salary was payable at the end of each month. Changes were made July 1st, 1889, February 1st, 1890, and July 1st, 1890, in the amount of compensation to be paid the defendant. With these exceptions, no new contracts were made, but the defendant simply continued to work under the existing contract, and was paid at the end of each month when a debt had accrued in his favor for services rendered during that month. During all that time he was working under successive continuing contracts, each of which was in force for several months. A true answer at any time during that period would have disclosed a contract upon which in the future an indebtedness from the garnishee to the defendant could accrue. In such case, it was proper that the garnishee should be kept before the court, so that any debt actually becoming due and payable to the defendant could be subjected to the satisfaction of the plaintiff's demand.—*Security Loan Association v. Weems,* 69 Ala. 584; *White v. Hobart,* 90 Ala. 368. The order for an oral examination kept the garnishee before the court; and any payment by him on a debt accruing to the defendant during the pendency of the garnishment proceedings was at his risk, and could avail nothing against the plaintiff.—*Archer v. People's Savings Bank,* 88 Ala. 249. The writ operates to intercept the amount becoming due on a debt of the garnishee to the defendant while the proceeding is pending, and, unless such amount is paid into court by the garnishee, to render him liable therefor, to the extent of the plaintiff's demand, until he is discharged, or until the lien of the writ is released by a claim of exemption successfully interposed by the defendant.—Code, § 2979.

The first claim of exemption filed by the defendant in this case covered only that part of the indebtedness disclosed by the first answer of the garnishee. The order requiring a further answer in open court kept the writ operative, so as to subject any other indebtedness which accrued between the dates of the service of the writ and the final answer thereto. The oral answer disclosed an indebtedness, over and above that admitted in the original answer, which exceeded the aggregate of the plaintiff's demand and the amount which the defendant could then claim as exempt. The claim of exemptions then filed could not retroact, so as to have the same effect as if successive claims of exemptions had been interposed to cover and protect the indebtedness to the defendant as it became due and

[Mobile and Birmingham R. R. Co. v. Worthington.]

was paid at the end of each month of his service. No such claims of exemptions were in fact interposed. The claim of exemptions last filed could cover only so much of the debt which was subject to the lien of the garnishment as would suffice to make up the difference between the value of the other property claimed as exempt and the amount which the law allowed the defendant to claim in this mode. There was no error in condemning so much of the excess as was required to satisfy the judgment in favor of the plaintiff.

 Affirmed.