# Montgomery Candy Co. *v.* Wertheimer-Swarts Shoe Co.

## *Garnishment.*

### (Decided Dec. 19, 1911. 57 South. 54.)

1. *Garnishment; Answer; Oral.*—A denial of indebtedness in a written answer by a garnishee may be overcome by disclosures made on oral examination under section 4316, Code 1907; and when the facts so disclosed show that the garnishee was indebted to the defendant after the service of the writ, plaintiff becomes entitled to a judgment on the garnishee's answer without contesting it.

2. *Same; Effect of Writ.*—A writ of garnishment operates to intercept debts owing by the garnishee to the defendant after the service of the writ, and while the proceedings are pending, and any payment by the debtor to the defendant during that time is at the debtor's risk.

3. *Same; Liability of Garnishee.*—A garnishment cannot be avoided by the garnishee entrusting claims to defendant for collection and permitting him to retain the amount of his salary out of the proceeds.

Appeal from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Action by the Wertheimer-Swarts Shoe Company against S. B. Kent. From a judgment for plaintiff, on garnishment directed to the Montgomery Candy Company, the garnishee appeals. Affirmed.

The Wertheimer-Swarts Shoe Company obtained a judgment in the city court of Montgomery at the Octo-

ber term, 1909, against one S. B. Kent for the sum of $118.15, and on February 8, 1910, procured garnishment on said judgment, on proper affidavit to be issued to the Montgomery Candy Company. On the 11th day of February, 1910, the garnishee filed a formal written answer denying indebtedness. On June 3, 1910, the garnishee was summoned to answer orally. On the 7th day of June, 1910, the garnishee appeared and answered that Mr. Kent went to work for him in September, 1909, at a salary of $75 per month. After some parleying, the books were brought into court. It appeared that up to the 4th of June, the time of the service of the garnishment Mr. Kent was indebted to the company in the sum of $98, and that after that time the company paid him about $300.

W. E. ANDREWS, for appellant. The bill of exceptions was signed within time to review the action of the court on the motion for new trial.—*S. L. & S. F. R. R. Co. v. Brantley,* 53 South. 305; *Ala. Mid. v. Brown,* 129 Ala. 282. A judgment cannot be recovered on the answer of a garnishee against him unless there is a direct admission by him of a legal debt either then due, or to become due by him to the defendant.—*Jefferson County Savings Bank v. Nathan,* 35 South. 356; *Price v. Thomason,* 11 Ala. 877; *Presnall v. Mabry,* 3 Port. 105. There was never a time from the service of the garnishment that the defendant could have maintained an action of debt or indebitatus assumpsit against the garnishee.—*Jones v. Cruse,* 64 Ala. 368; *Jefferson County Savings Bank v. Nathan, supra.* The answer of the garnishee will be taken as strictly true.—*Price v. Mazange,* 31 Ala. 701; *White v. Kahn,* 103 Ala. 308; *Jefferson County Savings Bank v. Nathan, supra.* The burden is on the plaintiff to make out a case against the garnishee, and if not sat-

[Montgomery Candy Co. v. Wertheimer-Swarts Shoe Co.]

isfied with the answer, it becomes his duty to contest. *Lehman v. Hudmon Bros.*, 79 Ala. 532, and the authorities supra. A plaintiff can assert no greater right against the garnishee than the defendant could unless there is fraud.—*Alexander v. Pollock*, 72 Ala. 137. Wages paid in advance are not subject to garnishment. —*Steiner Bros. v. Bank*, 115 Ala. 575; *Archer v. The Bank*, 88 Ala. 249.

Arrington & Houghton, for appellee. A failure to reserve exceptions on the original trial cannot be cured by a motion for a new trial.—*McLendon v. Bush*, 127 Ala. 470; *Stewart v. Guy*, 138 Ala. 176; *Smith v. Wolfe*, 49 South. 395. The order for an oral examination kept the garnishee before the court, and any payment by him on a debt accruing to the defendant was at his risk.— *Archer v. The Bank*, 88 Ala. 249; *Lady E. F. Co. v. Ragan*, 95 Ala. 594. If the answer of the garnishee denies indebtedness, but states facts upon which the law will predicate indebtedness, judgment should be rendered against the garnishee on the answer.—*Mann v. Buford*, 3 Ala. 312; *Johnson v. Speight*, 14 Ala. 27; *White v. Kahn*, 103 Ala. 308; *Stevens v. Cox*, 124 Ala. 448. The examination of the garnishee disclosed an indebtedness pending the garnishment proceedings.—*Eley v. Blacker*, 112 Ala. 317; *Grav v. Perry Hdw. Co.* 111 Ala. 532; *Archer v. The Bank, supra.* The answer in the present case is very similar to the answer in the case of *Eley v. Blacker, supra.*

WALKER, P. J.,—A garnishee's denial of indebtedness in his written answer to the writ may be overcome by the disclosure made on his oral examination, required as authorized by the statute; and when, on the facts as so disclosed, it is made to appear that the garnishee

was indebted to the defendant after the service of the writ, the plaintiff is entitled to judgment against the garnishee upon his answer, without contesting it. Code, § 4316;—*White et al v. Kahn*, 103 Ala. 308, 15 South. 595.

In the case at bar the oral answer of the garnishee disclosed that between the dates of the service of the writ and of the oral answer it was indebted to the defendant, for salary or wages, payable at the end of each month, in an amount exceeding in the aggregate the amount of the judgment in favor of the plaintiff, and that this indebtedness was paid as it accrued by permitting the defendant to retain the amount of his salary out of collections made by him as an agent or traveling salesman of the garnishee; in other words, the mode of payment was to intrust the defendant with claims for collection, and to permit him to retain the amount of his salary out of the collections made. The writ operated to intercept the debt owing by the garnishee to the defendant while the proceeding was pending; and any payment by the garnishee to the defendant on a debt accruing to the latter during the pendency of the proceeding was at the risk of the garnishee, and could not avail to defeat the lien of the writ.—*Lady Ensley Furnace Co. v. Rogan & Co.*, 95 Ala. 594, 11 South. 188. The salary payable to the defendant was a debt subject to the writ; and that the mode of payment resorted to did not have the effect of releasing it from the lien of the writ is well shown by the ruling on a quite similar state of facts in the case of *Ely v. Blacker, Gerstle & Co.*, 112 Ala, 311, 20 South. 570. The court was not in error in overruling the garnishee's motion for a new trial.

Affirmed.