# Jenkins *v.* Leader.

### *Garnishment.*

(Decided May 13, 1913.   Rehearing denied June 6, 1913.
62 South. 370.)

*Garnishment; Indebtedness.*—Where defendant was in the employ of the garnishee, and was to receive $15.00 per week out of moneys taken in by him, his weekly salary accrued only at the end of the week, and was dependent on the receipts exceeding that amount, and the debt due him was a debt due from the garnishee recoverable in an action of assumpsit or debt, and was hence, subject to the garnishment as such.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

J. A. Jenkins recovered judgment against one Pettigrew, and had garnishment issued thereon and served upon A. S. Leader.   From a judgment discharging garnishee on his answer, plaintiff appeals.   Reversed and rendered.

ESTES, JONES & WELCH, for appellant.   On the facts stated, the garnishee was indebted to defendant, and the court erred in rendering judgment discharging the garnishee.—*White v. Kahn,* 103 Ala. 308; *Alexander v. Pollak,* 72 Ala. 137; *Archer v. Peoples Sav. Bank,* 88 Ala. 249; *Gray v. Perry Hdw. Co.,* 111 Ala. 535; *Ely v. Blacker,* 112 Ala. 317.

BERRY & BAUMGARDENER, for appellee.   The court does not presume an indebtedness of the garnishee.—*Roman v. Dimmick,* 26 South. 216; 3 Mayf. Dig. 9.   Where plaintiff seeks to recover money due under a contract, he cannot attack the contract.—*Ely v. Blacker,* 112 Ala. 311; *Gray v. Perry Hdw. Co.,* 111 Ala. 532.   The answer

of the garnishee is presumed to be true.—*Robertson v. Rapelye,* 2 Stew 86; *White v. Kahn,* 103 Ala. 595; *M. & O. v. Whitney,* 39 Ala. 469; *Hearst v. Ins. Co.,* 81 Ala. 174. Under these authorities, and under the facts in the case, the garnishee was not liable on his answer. —*Henry v. McNamara,* 124 Ala. 412. Every reasonable indulgence will be given in favor of the correctness of the court's finding.—*Crew v. Head,* 40 South. 337; *Carpenter v. Jones,* 151 Ala. 454.

WALKER, P. J.—The contract between the defendant and the garnishee, under which the former ran a barroom belonging to the latter, was as follows: The defendant's compensation was $15 a week, which he had the right to take at any time out of the money he took in; he being required to pay to the garnishee all the money he took in except the $15 per week. If the defendant did not take in over $15 per week, the garnishee got nothing, and the defendant's getting $15 per week was dependent on his taking in that much during the week. In the course of his oral answer the garnishee stated: "I do not know when he got his $15. Sometimes he took out money during the week, and sometimes he took the whole of the $15 at the end of the week. It depended on whether he needed it or wanted it or not. I suppose he paid himself that way. I do not know when he took out the $15. I never did pay him anything; he always paid me. I was about there every day, and checked him up every night, and, if I failed to check him of a night, I would check him up the next day. I kept the money in my safe at night except the money he took out." The defendant received his compensation in the manner described during the entire time the writ of garnishment was pending.

The effect of the arrangement was that, as the defendant during each week took in up to $15, his employer became indebted to him until the week's compensation had thus been earned.  The defendant was entitled to nothing until he had wholly or partially earned it by taking in money in conducting the garnishee's business.  What he retained out of the proceeds of the business was in payment of a debt then due to him from the garnishee.  These demands were such that he could have waived his right to satisfy them by retaining money taken in and recovered on them in his own name in an action of debt or indebitatus assumpsit against his employer, the garnishee.  And so they were subject to the writ of garnishment.—*Archer v. People's Savings Bank*, 88 Ala. 249, 7 South. 53; *Gray v. Perry Hardware Co.*, 111 Ala. 532, 20 South. 368; *Montgomery Candy Co. v. Wertheimer-Swarts Shoe Co.*, 2 Ala. App. 403, 57 South. 54; *Ely v. Blacker, Gerstle & Co.*, 112 Ala. 311, 20 South. 570.  In such a case as the one at bar the reason for holding that a writ of garnishment cannot reach amounts paid to the defendant in advance for services to be rendered by him for the garnishee is entirely absent.  In the case of payments so made in advance there has been no debt to be subjected to the writ.—*Alexander v. Pollock & Co.*, 72 Ala. 137.  In the case at bar, on the other hand, all the payments were made in satisfaction of an existing indebtedness.  There was no payment until a debt had accrued, though the consideration supporting it might also include services to be rendered subsequently.  The oral answer of the garnishee fully warrants the conclusion that in the way above described he paid to the defendant, during the period the writ of garnishment was in effect, amounts aggregating a sum in excess of that of the plaintiff's judgment.  It follows from what has been

said that the judgment in favor of the garnishee should be reversed; and a judgment will here be rendered against the garnishee for the amount of such judgment, with interest thereon, and the court costs.

Reversed and rendered.