139 So. 331

## BARBER v. ALABAMA GREAT SOUTHERN R. CO.

### 6 Div. 70..

Supreme Court of Alabama.
Dec. 3, 1931.

Rehearing Denied Feb. 4, 1932.

Arlie Barber and Amzie G. Barber, both of Birmingham, for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

ANDERSON, C. J.

The garnishee in response to the writ filed a written answer, and thereafter, but during the same term, the garnishment was continued and the garnishee was ordered to answer orally in open court on a day certain. Question, May he be interrogated as to payments made the defendant from the service of the writ up to the oral answer, or shall the inquiry be made only as to the period between the service of the writ and filing the written answer?

We think that the case of Lady Ensley Furnace Co. v. Rogan & Co., 95 Ala. 594, 11 So. 188, is in point and holds that the inquiry may go to any indebtedness from the service of the writ to the oral answer. It is there held a garnishee is required to answer as to his indebtedness, not only at the time of service of the writ and at making his answer, but also during the intervening period, and, being required to make further oral answer, this liability continues until final judgment against him or until he is discharged. The above-cited case has not been overruled expressly or indirectly, and we regard it as a sound statement of the law.

The Ensley Case, supra, has been followed by the Court of Appeals in the case, Montgomery Candy Co. v. Wertheimer-Swarts Shoe Co., 2 Ala. App. 403, 57 So. 54.

The case of Henry v. McNamara, 114 Ala. 107, 22 So. 428, 430, did not involve this point as there was no oral answer requested or made. It was an appeal from a justice of the peace, and two written answers were made, one before the justice of the peace, and one in the circuit court and the issue involved was an indebtedness vel non and not the period which the answer should cover. The expression in said case, to wit, "The garnishee may safely answer the garnishment at once, in which event no money or effects subsequently coming into his hands, or debts subsequently contracted, are made by the statute subject to the lien created by the service," was not decisive of the case and should be limited or qualified to a written answer not questioned or contested, and in the absence of a demand for an oral answer, which would operate as a continuance or extension of the scope of the writ, and the inquiry as to indebtedness covers all time from the issuance of the writ until final judgment against him or until he is discharged. At any rate, it was evidently not the purpose of the court in this Henry Case to overrule the Ensley Company Case, supra, as it is approvingly cited.

The opinion of the Court of Appeals is in conflict with the Ensley Company Case, supra, and the judgment is reversed, and the cause is remanded to said court for further consideration in conformity with this opinion.

Writ awarded, and reversed and remanded.

All the Justices concur.

On Rehearing.

ANDERSON, C. J.

As we understand from the agreed facts as set out in the opinion of the Court of Appeals, there was no change in the status of the garnishee and the defendant from the time of the written answer until making the oral answer. The facts as set out are as follows: " * * * There being no question raised as to the existence of a continuing contract at the time of the filing of the written answer by the Garnishee whereby it would become indebted to the defendant for the payment of money in the future." In other words, that the contractual status had not changed at the time of making the oral answer. We did not hold or intend to hold that, if the contract between the parties terminated before the oral answer was made, the garnishee could be made to pay money he did not owe the defendant. What we held and meant to hold was that, if the garnishee owed the defendant when the written answer was filed, or when the oral answer was made, the writ would reach it, and that the written answer did not foreclose the plaintiff's right to inquire into and subject a debt accruing to the defendant between the written answer and making the oral one.