141 So. 357

### BOWEN v. CROW et al.

I Div. 57.

*Court of Appeals of Alabama.*
March 22, 1932.

Rehearing Denied April 12, 1932.

J. G. Bowen, of Mobile, for appellant.

Smith & Johnston, of Mobile, for appellees.

**BRICKEN, P. J.**

This cause was filed and submitted in the Supreme Court, but belonged in this court. When this fact was discovered, the cause was transferred here under provisions of sections 3235 and 7320 of the Code 1923.

The original petition to the circuit court was for statutory certiorari to the justice court to correct alleged errors in rendering judgment against defendants as garnishee. And the judgment in the circuit court discharged the garnishee, and appeal was taken from such judgment.

There was a motion in the justice court for oral answer, and the cause continued to await the same; the date therefor was fixed by the court for December 17, 1929, and the oral examination was not had at such time. However, the record from that court shows a final judgment, regular on its face, was entered on April 9, 1930, and that effort was duly made on April 18, 1930, to set aside that final judgment; the time for appeal having expired, recourse was had to statutory certiorari to the circuit court. Section 8778, Code.

The judgment rendered in the justice court was final and disposed of the controversy and costs as affecting the parties, De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265; Hauser v. Foley & Co., 190 Ala. 437, 439, 67 So. 252, and as affecting the garnishee and its property, Burgin v. Ivy Coal & Coke Co., 127 Ala. 657, 29 So. 67.

The judgment against the garnishees being final, and time for appeal having expired, supported the statutory certiorari. Section 8778, Code.

The fact that the affidavit and petition for certiorari to the circuit court were by an agent and not by the Bay Loan Company, or one of the parties doing business under that name, will not defeat the certiorari. Such like verifications by an agent conversant with the facts were approved in Birmingham News v. State ex rel. Dunston, 207 Ala. 440, 93 So. 25; McCoy v. Harrell, 40 Ala. 232, 235; Prim & Abbot v. Davis, 2 Ala. 24.

The bond executed and taken by the clerk in the first instance was not in all respects regular, as required by law, in that all the parties did not execute it, and it was permitted by the court to be amended in such respects, and that requirement being complied with within the time fixed by the court was sufficient. The bond was so amended as provided by statute. Section 8783, Code.

It should be noted that the motion in the circuit court to quash the certiorari and remand was on grounds stated above, and not upon the ground that there was no contest of the written answer, or that no oral examination was had in the justice court pursuant to demand.

The circuit court did not err in the foregoing respects, in refusing to quash the petition for certiorari and remand the cause to the justice court.

We will consider the merits under the bill of exceptions before us, as to whether or not the circuit court erred in discharging the garnishee (after his oral examination on the trial de novo in the circuit court) and in taxing the plaintiff with the costs.

There was no contest of the answer of the garnishee showing "not indebted" (Friedman Bros. v. Cullman Bldg. & Loan Ass'n, 124 Ala. 344, 27 So. 332; First National Bank v. Dimmick, 177 Ala. 571, 576, 58 So. 658), and no oral examination in the justice court, notwithstanding the demand therefor and the setting of a day for the same. If the time and status of indebtedness is to be taken as that of the filing of uncontested answer, the action of the circuit court in discharging the garnishee would be free from error. Gulf States Steel Co. v. Houston Furn. Co., 21

Ala. App. 580, 110 So. 476, certiorari denied, Id., 215 Ala. 306, 110 So. 478, 479. It is undisputed that at the time of service of garnishment, nor at the time of filing the written answer by garnishee, was there any debt due from garnishee to the defendant on then existing contract.

In the recent decision of Barber v. Alabama Great Southern R. Co. (Ala. Sup.) 139 So. 831,[1] Mr. Chief Justice Anderson writing the opinion, it was held that the liability of the garnishee was tested by the status of the indebtedness or contract therefor as and at the date of the final judgment. Lady Ensley Furnace Co. v. Rogan & Co., 95 Ala. 594, 11 So. 188. Here, the appeal was to the circuit court to remedy the errors in rendering judgment against garnishee before oral examination was had in the justice court pursuant to the order therefor. The trial in the circuit court was de novo according to the equity and justice, without regard to any defects in the summons or other process, or proceedings before the justice. Sections 3859, 8784, Code 1928, and Code 1923; Louisville & N. R. Co. v. Lancaster, 121 Ala. 471, 25 So. 733; Worthington v. City of Jasper, 197 Ala. 589, 73 So. 116; Vinyard v. Republic Iron & Steel Co., 205 Ala. 271, 87 So. 552. That is, in such appeal cases from the justice court judgment is distinct, and independent as may be required by the merits shown on last trial will be rendered by the court. Thompson v. City of Birmingham, 217 Ala. 491, 117 So. 406, and authorities; Abraham v. Alford, 64 Ala. 281; Harsh, McLean & Hardison v. Heflin, 76 Ala. 499; Louisville & N. R. Co. v. Lancaster, supra; Vinyard v. Republic Iron & Steel Co., supra.

The trial in the circuit court showed an indebtedness after the written answer and before the trial and judgment from which appeal was taken. Under the recent decisions of Barber v. Alabama Great Southern R. Co., 224 Ala. 274, 139 So. 831, and Lady Ensley Furnace Co. v. Rogan & Co., supra, there was error in discharging the garnishee and taxing the plaintiff with the costs.

Reversed and remanded.