GEORGE WORTHINGTON, JR., & CO. *v.* BELA T. JONES, and JOHN W. JONES, Trustee.

*Trustee process. Whether agreement for service is fraudulent in law. Payment by trustee. Refusal of trustee to answer interrogatory.*

An agreement between the principal debtor and the trustee, that the principal debtor shall labor for the trustee, no period of time being specified, and that, during the time that he so labors, the trustee shall support the principal debtor and his family, and that, if the labor, of the principal debtor shall be more than sufficient to pay for the support of himself and his family for the time being, the excess shall be applied by the trustee to the payment of the debts of the principal debtor, is not fraudulent in law; and if the county court have found the fact, that there is no indebtedness from the trustee to the principal debtor, the trustee will be discharged.

And if the trustee have paid a debt of the principal debtor after the service of the trustee process, and the county court have found the fact, that the payment was made with the funds of the trustee, and not to discharge any indebtedness of the trustee to the principal debtor, the trustee will not, for this cause, be held chargeable.

Whether judgment shall be rendered against a trustee, for his refusal to answer an interrogatory proposed to him by the plaintiff, is a matter resting in the discretion of the county court; and their decision cannot be revised by the supreme court.

TRUSTEE PROCESS.    Judgment was  rendered against the princi-
pal debtor by default.    The  trustee  disclosed, in substance, as fol-
lows.

The principal debtor, who was  the  father of the  trustee, com-
menced laboring for the trustee in August, 1846, at the  business of
a blacksmith, under an agreement, that the trustee should support the
principal  debtor and  his family, and that, if the  value of his labor
sbould exceed the expense of  supporting himself and his family, the
excess should be paid by the  trustee  to the creditors of the princi-
pal debtor.    This agreement was  by parol, and  no time was speci-
fied for the duration of the contract.    The principal debtor was then
in poor  health, and  had  no  property, and was  owing  many  debts,
which was known  to the trustee ; but the trustee  stated in his dis-
closure, that  it was not  their intent  to evade, by this  arrangement,
the liabilities of the principal debtor.    The principal debtor labored
for the trustee, under this  arrangement, whenever  he was  able to
work, from the time the agreement was made until the time of mak-
ing the disclosure ; but he was not able  to work  steadily the whole
of the time, and much  of the time, he was not able to work a whole
day on account of his health ;  and the trustee, during this time, sup-
ported the family of the principal debtor.    The principal debtor had
two sons, at the time  the agreement was  made, one of whom  was
then thirteen and the other fifteen  years of  age ; and  it was part of
the arrangement, that the oldest boy should do what he could in the
business of the trustee.    The trustee stated, that he expected, when
his father commenced work  with him, that he would do as he pleas-
ed about work, and  do  what work  he did as  he thought best, and
that he never  assumed to  control him, as  he would a  journeyman.
The oldest boy worked for the trustee some, under this arrangement,
but subsequently decided to leave, and was afterwards  hired by the
trustee, and his wages  paid  to  him, by the  consent of his father.
The youngest boy left home in the spring of  1849 ; and previous to
that he did not work much for any one.    Neither of the boys work-
ed for the trustee, as stated in the disclosure, more than sufficient to
pay for their  board and  clothing ;  and  the trustee also stated, that
his father's work, since 1846, had not been sufficient to pay the ex-
pense of supporting the family.    The trustee also disclosed, that in
the autumn of 1850, and after service upon him of the writ in this

suit, he sold a threshing machine to the Franconia Iron Company, and received in part payment therefor a note against his father, executed in 1845, and the residue in iron; but he stated, that he did not pay this note because he was indebted to his father, but that the machine was unproductive property to him, and he was desirous of disposing of it, and that he proposed to receive the note in part payment for it, in order that the company might be induced to take it and let him have the residue of the price, which was $100,00, in iron. Upon being inquired of, whether the note had been cancelled, the trustee replied, that the name had been partly torn from it; but upon being asked, whether the note was torn with a view to destroy its validity, and how soon after it was paid by him it was so torn, he declined answering the questions.

The county court, June term, 1850,—BENNETT, J., presiding,—adjudged, that the trustee was not chargeable. Exceptions by plaintiffs.

*J. H. Prentiss* for plaintiffs.

The contract was fraudulent in law. A conveyance, by a debtor, of all his property, to secure the future support of himself and his family, without making provision for the payment of all his debts, is fraudulent in law and void as to the creditors for whom no provision is made. *Crane* v. *Stickles & Tr.*, 15 Vt. 252. *Jones* v. *Spear & Tr.*, 21 Vt. 426. The debtor in the case at bar, the trustee says, had no property; but he pledged his time, his labor and his earnings, and the time, labor and earnings of his eldest son, which are equivalent to property, to secure the future support of his family; and the case seems to be analogous, in principle, to the cases cited. The contract was fraudulent in fact, and made with a design to avoid the debts of the principal debtor, and, as against the plaintiff, it should have been held void. The trustee should be held chargeable, then, for so much as the labor of the principal debtor and his son is worth, from December 20, 1849, when process in this action was served on him, to June 13, 1851, when the disclosure was made.

Since the writ in this action was served on the trustee, he paid a debt, due from the principal debtor to the Franconia Iron Co., of $78,20. If he owed the principal debtor nothing, and had none of his property, why did he pay this debt?

The interrogatories, which the trustee refused to answer, were pertinent; and for his refusal to answer, in the absence of any just cause, judgment should be rendered against him, pursuant to the provisions of the statute. Acts of 1843, p. 3, sec. 3.

*J. Cooper*, for trustee, insisted, that nothing disclosed would justify the court in holding the trustee chargeable.

The opinion of the court was delivered by

KELLOGG, J. The questions presented in this case arise upon the disclosure of the trustee. The plaintiff seeks to charge the supposed trustee by reason of the labor and service rendered him by the principal debtor; and whether he should be charged as trustee, by reason of such service, must depend upon whether he thereby became indebted to the principal debtor, either legally, or equitably. And this is a fact, which the county court have found in favor of the trustee, and by that finding, so far as the question of indebtedness is involved, this court is bound.

But it is urged, that the arrangement between the principal debtor and trustee, by which the former was to labor for the latter, and the latter during the same period to provide for and support the principal debtor and his family, is fraudulent in law. The cases cited by counsel, of *Crane* v. *Stickles & Tr.*, 15 Vt. 252, and *Jones* v. *Spear & Tr.*, 21 Vt. 426, we apprehend, do not sustain this proposition. They are cases of the conveyance of the property of the debtor and an appropriation of the avails to his future support, thereby placing the property of the debtor (which before the conveyance was subject to be taken by his creditors) beyond the reach of his creditors. Such conveyances are held fraudulent in law. Here no property is conveyed by the debtor. It may, however, be conceded, that a debtor has not the right to place his *future earnings* beyond the reach of his creditors; and a contract made with *such intent* would doubtless be held fraudulent. But that a debtor has the right to apply the proceeds of his daily labor to the daily sustenance of himself and family, so far as the same may be necessary, cannot be questioned. And by the arrangement between the principal debtor and trustee, if the labor of the former was more than sufficient to support himself and family for the time being, the excess was to be

applied to the payment of his debts. Such an arrangement, it appears to us, cannot be regarded fraudulent either in fact or in law.

But it is said the trustee should be charged by reason of his payment of the note of the principal debtor of seventy eight dollars to the Franconia Iron Company. If this payment was made with the funds of the principal debtor, or in discharge of the indebtedness of the trustee to the principal debtor, the trustee should be held chargeable, inasmuch as the payment was made after he was served with this process. The testimony shows, that the payment was made with the funds of the trustee, and not to discharge any indebtedness of the trustee to the principal debtor. And this was a question of fact, which is settled, by the judgment of the county court, in favor of the trustee, and is as conclusive upon this court, as if it had been found by the verdict of a jury.

It is farther said, that the county court erred in not rendering judgment against the trustee, for his having declined to answer an interrogatory propounded by the plaintiff. This was a matter resting in the *discretion* of the county court, and is not open to revision in this court. But if it were open to revision here, it would be incumbent upon the excepting party to show, that no sufficient cause was presented to the court below, why judgment should not be entered against the trustee. For in the absence of such showing, this court is to presume, that sufficient cause was shown to the county court, why judgment should not be rendered against the trustee for his refusal to answer the interrogatory.

Exceptions overruled, and judgment of the county court affirmed.