DENNIS CALLAGHAN *vs.* POCASSET MANUFACTURING COMPANY.

Bristol. Oct. 28. — Nov. 29, 1875. MORTON, J., absent.

If a day laborer works for a corporation under an agreement, by which the amount, to become due him monthly, is paid in advance to a third person, who is to account to the laborer for it at the end of each month, the corporation is not liable in a trustee process to a creditor of the laborer, although the third person to whom the money is paid is the treasurer of the corporation.

SCIRE FACIAS upon a judgment recovered against the defendant in a trustee process in which it was summoned as trustee of Matthew Burke. In the Superior Court, interrogatories were filed to the defendant, and on its answers thereto it was discharged, and judgment ordered for the plaintiff for his costs only ; and the plaintiff appealed to this court. The facts of the case appear in the opinion.

*W. H. Peirce*, for the plaintiff.

*E. Williams*, for the defendant.

DEVENS, J. The answers of the defendant to the plaintiff's interrogatories disclose a contract between it and Matthew Burke, by which Burke agreed to work as a day laborer in its employ, and by which it agreed to pay him monthly in advance. This advance payment was not made directly to Burke, but by his consent to a third person, who was the treasurer of the defendant corporation. It further appeared that in the early part of the month in which the writ was served the sum of $40 had been thus advanced by the defendant to such third person, and that, at the time of the service of the writ in the trustee process, Burke's work had amounted during that month to the sum of $37.50, so that a small amount in excess of that actually due for work done had thus been paid by the defendant. Even if the amount of the $37.50 still remained in the hands of the third person, and had not actually been delivered over to Burke, there

was no existing liability of the defendant to him, nor any debt which could then or afterwards be the subject of a suit by him. A laborer, if he desires, may contract that his wages shall be paid in advance, and such payment, whether made directly to him, or to a third person at his request, discharges any liability which might otherwise exist on the part of those with whom he thus contracts, when the work is actually performed. Even if it is the duty of the person holding the money to pay it back to those from whom he received it, in case the workman should not perform the labor, or such part as would represent the labor unperformed, should it be only partially performed, this would not, at least in the absence of fraud, affect the case, as such an arrangement would not place the alleged trustee under any liability to the workman, or leave any of his goods, effects or credits in his hands.

Nor is the contract affected by the fact that the third person to whom the advance payment was made was also a servant of the alleged trustee ; its liability was not the less completely discharged, and it owed nothing to Burke for the labor performed by him. *Judgment affirmed.*