# Steiner Bros. *v.* Bank of Montgomery.

## *Garnishment Suit.*

1. *What demands are reached by garnishment; contract of employment with stipulations for payment in advance.*—Where, under a contract of employment which provides for the payment of a monthly salary in advance, the employé is paid in advance on the first day of each month, except when such days are Sundays or holidays, and in this event the payments are made on the first succeeding day, the employer is, at no time, indebted to the employé so as to render him liable to a creditor of the employé in a garnishment proceeding ; since, in legal acceptance and for all business purposes, the first day of the month is the first judicial day of the month, and the employé's services for each month began on the first day thereof which was not a Sunday or holiday ; and it makes no difference whether in point of exact fact he was actually paid at an earlier hour of the day than that at which he commenced to work.

APPEAL from the City Court of Birmingham.
Tried before the Hon. W. W. WILKERSON.

On November 2, 1894, the appellants, Steiner Brothers, recovered a judgment in the city court of Birmingham

against William Berney, for $2,000.95. On the 30th September, 1895, Steiner Brothers sued out a writ of garnishment upon this judgment, and had it served upon the Bank of Montgomery. The garnishee, through its cashier, answered the writ, denying any indebtedness or liability to the defendant Berney. Upon motion of the defendant, the cashier was ordered to answer the writ of garnishment orally in court; and in response to this order, the cashier, W. H. Hubbard, disclosed the following facts upon his oral answer: W. M. Berney, the defendant, holds the position of vice-president and general book-keeper of the Bank of Montgomery; he was elected to the position of vice-president on the 1st of January, 1895, at the annual meeting of the Board of Directors and was re-elected at the annual meeting on January 1st, 1896. His salary was $125 per month, payable in advance, and that the salary had been paid to him, in advance on the first day of each month, ever since he has been in the employ of the Bank of Montgomery, except when the first day of the month came on Sunday or some legal holiday, and then it would be paid to him the next day. Berney had been paid his salary according to the stipulated agreement on the first day of each month, as above stated, since the service of the garnishment upon the Bank. It was shown that the additional sum of $50 per month was paid Mr. Berney from January 1, 1896, by the president, subject to the ratification of the finance committee, which sum was also paid on the first day of each month, at the time of the payment of the $125. This answer was made on June 18, 1896, and it was shown that the first day of December, 1895, and the first day of March, 1896, were on Sunday, and January 1, 1896, was a legal holiday, and that in each of these months, the salary to Berney was paid on the second day of the month. It was further testified by the cashier of the Bank that the salary was paid to Mr. Berney during banking hours on the first of each month, which were from 9 A. M. to 2 P. M., and that sometimes the salary was paid before 9 o'clock on the first day of the month.

Upon the hearing of all the evidence, the court overruled the motion of the plaintiff for a judgment against the garnishee, and rendered judgment dismissing the garnishment and discharging the garnishee. From this

[Steiner Bros. v. Bank of Montgomery.]

judgment the plaintiffs appeal, and assign the rendition thereof as error.

CABANISS & WEAKLEY and GEORGE HUDDLESTON, for appellant.—1. By statute a garnishment will reach an indebtedness existing at the time of the service of the garnishment, or at the time of making answer or at any time intervening the time of serving the garnishment and making the answer.—Code of 1886, § 2946. Payment to the debtor after service of the writ is no defense. *Lady Ensley Furnace Co. v. Rogan*, 95 Ala. 594; *Archer v. People's Sav. Bank*, 88 Ala. 249.

2. The case must be determined upon the facts set forth in detail in the oral answer without regard to the general answer of not indebted.—*White v. Kahn*, 103 Ala. 308. The facts show that Berney's employment was for a year at an annual salary, although it was payable monthly. We, therefore, have a mutual engagement for a fixed and definite period of time.—*Archer v. People's Savings Bank*, 88 Ala. 249. Cases analogous to this have been heretofore presented to this court. The Alabama cases to which reference may be had are the following: *Gray v. Perry Hardware Co.*, 111 Ala. 532; *Archer v. People's Savings Bank*, 88 Ala. 249; *Alexander v. Pollock*, 72 Ala. 137.

J. Q. COHEN, *contra*.

McCLELLAN, J.—As we understand this case, it presents only one feature which is not found in the case of *Archer v. People's Savings Bank*, 88 Ala. 249; and that authority is determinative of this appeal against the appellant unless the point of difference between the two leads to a different result. In *Archer's Case* it did not appear at what particular time in advance of the week's service the salary of the week was paid. In this case, involving a contract for the payment of *monthly* salary in advance, the garnishee's answer shows that the payments were made on the first days of the months except when such days were Sundays or holidays, and in this event the payments were made on the succeeding days, being the first business days of the several months. We are not of opinion that this feature of difference is of any

37

potency upon the result, or at all affects the principle applicable in the premises. In legal acceptance and for all business purposes the first day of a month is the first judicial day of the month, and not the first calendar day, which may be *dies non juridicus*. The defendant's services for each month began on the first day thereof which was not Sunday or a·holiday. The payment made by the garnishee on that day was contemporaneous with the commencement of his services for the month; and this whether in point of exact fact he began to work at an earlier hour of the day than that at which the payment was actually made to him, since in such cases the law takes no account of fractions of days. Our conclusion, therefore, is that, on the facts stated in the answer, the defendant at no time from and after writ served had any cause of action in debt or assumpsit against the garnishee, and, hence, that the plaintiff was not entitled to judgment against the latter.

Affirmed.