(103 So. 455)

## PACKARD MOTORS CO. OF ALABAMA v. TALLY. (6 Div. 367.)

(Supreme Court of Alabama. March 19, 1925.)

1. Garnishment ⬅41—Future wages under contract at will not subject to garnishment, except as they may be earned.

Future installments of wages under contract that may be terminated at will of employee *held* not subject to garnishment, except as they may be earned under such contract, so that employee has right of action in assumpsit for wages.

2. Garnishment ⬅41—Wages payable at end of a term become subject to lien of pending garnishment.

Wages, which are payable under contract at end of term in which they are earned, become subject to lien of pending garnishment, in absence of prior contract requiring payment in advance or providing for drawing account, though employer allows employee to draw against wages while being earned.

3. Garnishment ⬅41—Demand is subject to garnishment only where there is indebtedness due or to become due under existing contract.

Demand is not subject to garnishment unless there is indebtedness due, or to become due under existing contract, upon which defendant may maintain assumpsit.

4. Garnishment ⬅116—Employer may contract to pay wages in advance or provide "drawing account."

An employer in conducting his own business may contract to pay wages in advance or provide "drawing account," which is modern business method of furnishing employee with means of maintenance while engaged in the service, and may carry out such contract after service of garnishment without subjecting himself to double payment.

5. Garnishment ⬅116—Garnishee must strictly conform to contract in paying wages in advance.

Where garnishee is under contract to make advance payment of wages, such payment must conform strictly with the terms thereof, and garnishee becomes liable for all wages earned and not paid or drawn as per contract, which amount cannot be diminished by advances, by way of grace or accommodation, or payments made after date when periodic settlements are due.

6. Garnishment ⬅116—Employer entitled to deduct indebtedness due from employee at time of garnishment or which accrues from lawful advances thereafter.

Employer is entitled to deduct any indebtedness due from employee at time of garnishment, or which accrues from advances thereafter lawfully made under contract for payments in advance, from amount passing under lien of garnishment.

7. Garnishment ⬅180—Answer must affirmatively disclose indebtedness subject to condemnation.

Judgment against garnishee cannot be rendered on answer, unless answer affirmatively discloses indebtedness subject to condemnation.

8. Garnishment ⬅33—Garnishee not liable under contract of employment permitting drawing account.

Where employment contract at will provided for a drawing account to be charged against commissions, any overdraft being charged against next month's account, and employee was indebted to employer at time of garnishment and at all times prior to answer, and payments were made only according to contract, garnishee *held* not liable.

Appeal from Circuit Court, Jefferson County; C. B. Smith; Judge.

Garnishment suit by Zac. C. Tally against Val Freeman, with the Packard Motors Company of Alabama as garnishee. Judgment for plaintiff, and the garnishee appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and rendered.

Stokely, Scrivner, Dominick & Smith and Andrew J. Thomas, all of Birmingham, for appellant.

A garnishee is not liable to plaintiff where his answer shows that during the period of the garnishment there is a balance due him which he can offset against defendant's claim. Zimmern's Co. v. Oberhaus, 17 Ala. App. 81, 81 So. 859; Jeff. County Sav. Bank v. Nathan, 138 Ala. 342, 35 So. 355; Garrett v. Mayfield Woolen Mills, 153 Ala. 602, 44 So. 1026; Alexander v. Pollock, 72 Ala. 137. A contract of employment terminable at will is not a contract by which the garnishee would become indebted to defendant in the future. Henry v. McNamara, 124 Ala. 412, 26 So. 907, 82 Am. St. Rep. 183; Archer v. Bank, 88 Ala. 249, 7 So. 53; Alexander v. Pollock, supra. An employer cannot be held liable as a garnishee where salaries of its employee are paid in advance under a bona fide agreement. Archer v. Bank, supra; Alexander v. Pollock, supra; Callaghan v. Mfg. Co., 119 Mass. 173; Worthington v. Jones, 23 Vt. 546.

James J. Jackson, of Birmingham, for appellee.

A garnishee must answer as to debt at time of service and during the whole intervening time until discharged. Lady Ensly F. Co. v. Rogan & Co., 95 Ala. 594, 11 So. 188. After answer, the garnishee is in court at every stage of the case until final disposition. Talladega M. Co. v. McDonald, 97 Ala. 508, 12 So. 34; Cross v. Spillman & Scott, 93 Ala. 170, 9 So. 362; Roman v. Baldwin, 119 Ala. 257, 24 So. 360. The garnishee is liable to

⬅For other cases see **same** topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

plaintiff for subsequent debt to defendant, if it accrue under a contract existing at the time of answer. Henry v. McNamara, 114 Ala. 107, 22 So. 428. The garnishee is not entitled to set off a debt of defendant to it against its debt to defendant under their agreement. Zimmern's Co. v. Oberhaus, 17 Ala. App. 81, 81 So. 859.

BOULDIN, J. The plaintiff sued out a garnishment upon a judgment. The garnishee answered in writing denying indebtedness in due form under Code 1923, §§ 8055, 8067. Thereafter plaintiff obtained an order for an oral examination before the court. Code 1923, § 8067. On oral examination the court rendered judgment against the garnishee for the amount of the plaintiff's debt. The garnishee appeals.

The oral answer disclosed the following facts: The defendant in the judgment was employed by the garnishee as an automobile salesman. By the contract of employment he was to be allowed a commission on cars sold by him, but should have a drawing account up to $150 per month, and at the end of each month, if he had drawn more than the amount of commissions earned during the month, the overdraft would be charged against his next month's account. The contract was to terminate at the will of the parties, or either of them.

At the time garnishment was served on the employer, the employee had overdrawn several hundred dollars. The employment continued during the pendency of the garnishment and to the time of oral examination, a period of several months. Meantime, the employee continued to draw each month to the amount of his drawing account, which was increased meantime to $175 per month, and during the entire time he continued to be indebted to his employer, the garnishee.

"It is perfectly competent for an employer to stipulate with an employee, by bona fide agreement, that he will pay his wages weekly, or monthly, or for any other reasonable time, in advance; and such agreement, when free from fraudulent collusion, will be upheld by the court. And so long as these payments are made in advance, no debt can accrue for wages or salary due to such employee; and hence the employer can not be held liable as garnishee, under such state of facts. Alexander v. Pollock & Co., 72 Ala. 137; Callaghan v. Pocassett Mfg. Co., 119 Mass. 173; Worthington v. Jones, 23 Vt. 546." Archer v. People's Savings Bank, 88 Ala. 249, 254, 7 So. 53, 55.

The above case involved the employment of the president of a bank at an annual salary of $3,000, with the privilege of drawing such salary by the week, and each week in advance. It was declared that so long as the weekly allowance was drawn in advance, the lien of the garnishment could not attach, but if collection in advance was waived and

any sum became due and unpaid, it would pass under the lien of the garnishment.

In Alexander v. Pollock, 72 Ala. 137, there was, at the time garnishment served, a contract of employment by the month, to be ended at will. Pending the garnishment, the contract was changed at the beginning of a new month making the wages payable weekly in advance, to end at will. The employee continued in the employment for a year pending the garnishment, receiving his wages weekly in advance. The employer was held not liable under the garnishment. See, also, Steiner Bros. v. Bank of Montgomery, 115 Ala. 575, 22 So. 72.

In Gray v. Perry Hardware Co., 111 Ala. 532, 20 So. 368, the employee had the privilege of drawing, not exceeding a month's salary, in advance. He drew only a part of his salary before it matured at the end of the month. Held, the balance for which the employer owed him at the end of the month was subject to the garnishment; and, if the advance payment is to be made on the first of the month, any portion not drawn at that time is subject to the garnishment.

[1] Our statutes subject wages to become due pursuant to a contract existing or made pending the garnishment. This provision does not reach future installments of wages under a contract that may be terminated at the will of the employee. Henry v. McNamara, 124 Ala. 412, 26 So. 907, 82 Am. St. Rep. 183. But if wages are earned under such a contract, so that the employee has a right of action in assumpsit for wages earned, the lien of the garnishment attaches. Authorities supra.

[2] If wages are payable under the contract at the end of a month or other period in which they are earned, they become subject to the lien of a pending garnishment, and the employer pays them at his peril. Lady Ensley Furnace Co. v. Rogan & Co., 95 Ala. 594, 11 So. 188; Montgomery Candy Co. v. Wertheimer-Swartz Shoe Co., 2 Ala. App. 403, 57 So. 54. And this is true, although the employer allows the employee to draw on his wages while being earned, or to make an account against his wages, no prior contract therefor existing. Ely v. Flinn, 112 Ala. 311, 20 So. 570.

[3] The general principle is that a demand is not subject to garnishment unless it appears there is an indebtedness due or to become due under an existing contract upon which the defendant may maintain an action of assumpsit. The garnishee is to be placed in no worse position toward the garnishing creditor than toward his own creditor, the defendant. Garrett v. Mayfield Woolen Mills, 153 Ala. 602, 44 So. 1026.

[4] The right of an employer to contract and pay wages in advance—that is, before the end of the earning period for which they are advanced—and to continue to carry out his contract after service of garnishment is

generally recognized. In some states it is declared the employer may make advance payments for the accommodation of the employee without contract. 28 C. J. pp. 172, 173. But, in Alabama this latter rule does not prevail.

The principles laid down in our decisions establish the following rules: An employer, in the conduct of his own business, may stipulate by contract to pay wages in advance, that is, before the close of the earning period for which the advance is made, and may carry out such contract after service of garnishment without subjecting himself to double payment. This is but a recognition of his right of contract in the management of his own business. A drawing account is a well-recognized modern business method of furnishing the employee with means of maintenance while engaged in the service from which wages, or commissions are to accrue.

[5, 6] To be protected, the garnishee must make advance payment according to the contract. If payable on the first of the month or week, and not so paid, so that a right of action accrues thereon to the employee, the potential lien of the garnishment attaches. If payable as drawn or called for by the employee, they must be so paid, otherwise a right of action accrues, and the garnishment attaches. The garnishee becomes liable for all wages earned and not paid or drawn as per contract. This amount cannot be diminished by advances merely by way of grace or accommodation, nor by any payments made after the date when periodic settlements and payments of commissions or salary are to be made, nor can deduction be made for advance payments made after the date they were due to be made under the contract. From any amount passing under the lien of the garnishment by these rules, the employer is entitled to deduct any indebtedness due from the employee at the time garnishment is served, or which accrues from advancements thereafter lawfully made as above defined. Jefferson County Savings Bank v. Nathan, 138 Ala. 342, 35 So. 355.

[7] Where judgment is rendered upon answer, whether in writing or on oral examination before the court, no judgment can go against the garnishee, unless the answer affirmatively discloses an indebtedness subject to condemnation. Jefferson County Savings Bank v. Nathan, supra; White v. Kahn, 103 Ala. 308, 15 So. 595.

[8] In the case at bar the answer discloses a contract for a drawing account in advance for fixed amounts each month. It shows the employee has been paid from month to month the amount he was entitled to draw under that contract. It is not shown that it was paid other than under the terms of the contract. If the employee drew more than entitled to draw, neither the fact nor the amount thereof is shown. It shows the employee was indebted to his employer at the time of service and continued so to be to the time of the oral answer.

Under these facts, no judgment should have gone against the garnishee. The judgment of the court below is reversed, and a judgment here rendered discharging the garnishee.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.