## SCHAEFER v. POST & FLAGG et al.
### No. 4523.

District Court, N. D. Alabama, S. D.
May 9, 1935.

William S. Pritchard and C. W. Taylor, both of Birmingham, Ala. (Monette & Taylor, of Birmingham, Ala., of counsel), for plaintiff.

Douglas Arant and William Alfred Rose, both of Birmingham, Ala. (Bradley, Baldwin, All & White, of Birmingham, Ala., of counsel), for defendant.

Benners, Burr, McKamy & Forman, of Birmingham, Ala., for Howel Cotton Company of Birmingham, Inc., garnishee.

GRUBB, District Judge.

The plaintiff commenced an action in the circuit court for the Tenth judicial circuit of Alabama against the defendant Post & Flagg, a partnership composed of nonresidents of Alabama. The case was thereafter removed to this court. The complaint contains counts for conversion and for money had and received. The defendant has no office in Alabama. Not being able to obtain personal service on the defendant, the plaintiff sought to obtain service by attachment, and, to that end, soon after noon on January 12, 1935, caused a sheriff's writ of garnishment on attachment to be served upon Howel Cotton Company of Birmingham, Inc., under section 6188 of the Code of Alabama. The garnishee filed its written answer in the negative, and the plaintiff thereupon caused it to submit to an oral examination pursuant to section 8067 of the Code of Alabama.

The garnishee, an Alabama corporation, is a broker in commodities and securities in Birmingham. It is commonly known as an independent or interior broker and is not a member of any exchange. Since some time in 1926 it has been receiving from its own customers orders for the purchase and

sale of securities and commodities and has been executing such orders through the defendant, a broker in the city of New York, where the defendant maintains memberships on the New York Stock Exchange and other exchanges. At no time has there been a written contract between the garnishee and the defendant, so that the relationship between them is to be determined by their dealings with each other, custom and usage in the business, the rules of the various exchanges on which orders are executed, and any applicable rules of law.

The whole answer discloses this relationship to be as follows: When the garnishee began transacting business with the defendant in 1926, it deposited with the defendant $10,000 in cash to open an account. From time to time thereafter customers of the garnishee placed with it orders for the purchase or for the sale of securities, which said orders the garnishee executed in its own name through the defendant. Some of such transactions involved purchases and sales for cash, and others involved purchases and sales on margin. Only marginal transactions are here involved. When the garnishee received from a customer an order involving a purchase on margin, the customer deposited with the garnishee the margin required by it. The garnishee thereupon executed such order through the defendant, who charged the garnishee's account with the purchase price of the securities purchased and retained such securities to the garnishee's credit. When the garnishee received from a customer an order involving a sale of securities carried in such customer's margin account, the garnishee executed such order through the defendant, crediting its customer's account with the net proceeds of the sale and the defendant likewise crediting the garnishee's account. The garnishee has the right at any time to order the defendant to sell any or all of the securities held in the garnishee's account, and, upon the consummation of such sales, to receive from the defendant credit for the net proceeds thereof. Likewise the defendant has the right at any time to call upon the garnishee to supply such amounts as may be necessary to satisfy the defendant's minimum margin requirements, and, if the garnishee fails to respond, to sell a sufficient amount of the securities so retained by it in order to comply with such requirements. At all times since the inception of the relationship, the garnishee has maintained with the defendant not less than the amount of the margin required by the defendant. The garnishee has the right to carry securities in its margin account with the defendant as long as it maintains the minimum margin requirements.

Since the service of the writ of garnishment, no amount has been paid to the defendant by the garnishee, although it has from time to time ordered the defendant to sell securities, and such orders have been executed and the net proceeds thereof have been credited by the defendant to the garnishee's account. At the time of the service of the writ of garnishment the defendant held for the garnishee's account securities aggregating in value $44,593, on which there was then an unpaid balance of $26,475, leaving an equity in favor of the garnishee of $18,118, an amount substantially in excess of the minimum margin requirements. At no time throughout this relationship between the garnishee and the defendant has the defendant tendered any securities to the garnishee or demanded of the garnishee the unpaid balance thereon.

Under the terms of the statute, the writ of garnishment required the garnishee to answer whether, at the time of the service of the writ or at the time of making the answer or any intervening time, it was indebted to the defendant, and whether it would be indebted in the future by a contract then existing and whether by a contract then existing it was liable to the defendant for the delivery of personal property or for the payment of money which might be discharged by the delivery of personal property or which was payable in personal property, and whether it had in its possession or under its control money or effects belonging to the defendant. Code Ala. 1923, § 6188.

Relying upon the language in Richardson v. Shaw (1908) 209 U. S. 365, 28 S. Ct. 512, 52 L. Ed. 835, 14 Ann. Cas. 981, the plaintiff contends that the facts outlined above disclose a debt owing by the garnishee to the defendant which is subject to garnishment. It seems otherwise to me. The only debts from a garnishee to a defendant which are subject to garnishment under the Alabama statute are those which may be made the basis of an action of debt or indebitatus assumpsit by the defendant against the garnishee, so that the test here is whether, at the time of the service of the writ or at some time

subsequent thereto, the defendant had or will *certainly* have in the future such a cause of action against the garnishee. Teague, Barnett & Co. v. Le Grand (1888) 85 Ala. 493, 5 So. 287, 7 Am. St. Rep. 64. See, also, Alexander v. Pollock & Co. (1882) 72 Ala. 137, 139; Packard Motors Co. v. Tally (1925) 212 Ala. 487, 103 So. 455. Manifestly, the defendant has had no such cause of action since the writ was served, and it seems equally clear that such a cause of action may never exist. The defendant has the right, and perhaps is under a duty on account of the provisions of the Securities Exchange Act of 1934 (48 Stat. 881), to call upon the garnishee to maintain a minimum margin, and it has the right to sell the securities if the garnishee fails to respond. There is no certainty, therefore, that such a liability will ever arise in favor of the defendant against the garnishee on which any action can be maintained, but on the other hand the probabilities are strongly to the contrary.

There is still another reason why the garnishee should be discharged. The Supreme Court of the United States in North Chicago Rolling-Mill Co. v. St. Louis Ore & Steel Co. (1894) 152 U. S. 596, 619, 14 S. Ct. 710, 717, 38 L. Ed. 565, said that it is a "generally recognized principle that the rights of the garnisher do not rise above, or extend beyond, those of his debtor; that the garnishee shall not, by operation of the proceedings against him, be placed in any worse condition than he would have been in, had the principal debtor's claim been enforced against him directly; that the liability, legal and equitable, of the garnishee to the principal debtor, is a measure of his liability to the attaching creditor, who takes the shoes of the principal debtor, and can assert only the rights of the latter." To the same effect is Packard Motors Co. v. Tally, supra, and Alexander v. Pollock & Co., supra. The application of that principle to this case is obvious. The garnishee has the right, by ordering the defendant to sell securities held in the garnishee's margin account, to protect itself against a declining market and likewise to take advantage of a rising market. In fact, under its contract with its customers it is required to do so. So also the garnishee has the right at any time to close out its account with the defendant and to receive from the defendant the net proceeds, if any, accruing to the garnishee. It appears from the answer that if the garnishee had exercised its right to close the account at any time since the service of the writ of garnishment, it would have been entitled to receive a substantial balance from the defendant. This garnishment, if sustained, would destroy these rights arising out of the relationship between the garnishee and the defendant.

It is therefore ordered that the garnishee be and it is hereby discharged, with its costs.