177 So. 650

**A. PAUL GOODALL REAL ESTATE & INS. CO. v. JACKSON SECURITIES & INVESTMENT CO.**

**6 Div. 166.**

Court of Appeals of Alabama.

Nov. 16, 1937.

Rehearing Denied Nov. 16, 1937.

Amzi G. Barber and Hugh Barber, both of Birmingham, for appellant.

Wm. H. Ellis and Murphy, Hanna, Woodall & Linbergh, all of Birmingham, for appellee.

**BRICKEN, Presiding Judge.**

The appellant recovered a judgment against the defendant on January 20, 1932.

On the 18th day of January, 1937, a writ of garnishment on that judgment was duly executed on the Jackson Securities & Investment Company. The amount of the judgment and interest at the time of the oral answer was $457.16.

The garnishee answered not indebted and was required to answer orally on the 5th day of March, 1937. The garnishee was discharged on its oral answer and the appellant brings that ruling here for review.

The defendant was employed by the garnishee under an oral contract to sell real estate on a commission basis. On cash sales or substantially cash sales the commission was paid when the sale was consummated. On partly cash and extended payments part of the commission was due when the sale was closed, some more was payable after six payments had been made, some more after twelve payments had been made, and the remainder after eighteen payments. No commission was payable until a sale was consummated. When a sale was closed, the commissions were earned and became a debt to the defendant, payable in the fashion indicated.

There was "a general understanding" among the salesmen that in case they got "hard up" they might draw against earned unpaid commissions up to $400 per month. No specific contract of that kind between the defendant and the garnishee is claimed, the garnishee contending that it arose out of "usage"; by that we take it, the garnishee refers to a custom known to its salesmen. We find nothing in the record obligating the garnishee to make these advances, or imposing any liability on it should it fail to do so, on demand or request of defendant.

When the garnishment was served on the garnishee, the defendant owed it $222.64, which represented an overdraft against earned commissions not then payable. This indebtedness was reduced by a credit of $124.99 thereafter earned by the defendant, that is to say, by crediting his account with commissions previously earned that were payable when the credit was entered. Between January 23, 1937, and February 23, 1937, the garnishee paid the defendant $485 as an advance against commissions earned but not due. These are referred to as "deferred commissions." If future payments are made these deferred commissions amount to between $800 and $1,174.37.

We are of the opinion that the facts disclose an indebtedness from the garnishee to the defendant that was subject to the writ.

Briefly stated, our views are that, at the time the writ was served on the garnishee, the defendant was indebted to it in the sum of $222.64 and the garnishee was "contingently" liable to the defendant in a much greater sum.

Subsequent to service of the writ the garnishee "credited" the defendant with $124.99 on his indebtedness to it, representing money due arising out of the contingent liability, and in addition the garnishee advanced the defendant $485 up to the time of making oral answer against the remainder of the contingent liability. In other words, the credit and advance against earned commissions extinguished the defendant's indebtedness of $222.64 and left $387.35 that should have been condemned to the satisfaction of plaintiff's judgment. Packard Motors Co. v. Tally, 212 Ala. 487, 103 So. 455.

The remainder of the earned commission, but not due at the time of the oral answer, is in a different category.

"Indebtedness dependent upon collection of money from a third person is contingent, and cannot be reached by garnishment until after the money is collected." 28 C.J. 134.

We have omitted any consideration of the alleged mortgage indebtedness of the defendant to the garnishee, as it is apparent that it did not figure in the transaction until the garnishee was pressed by the plaintiff. Regarding that, its secretary-treasurer testified: "Mr. Vaughn now owes us a second mortgage of some seventeen hundred dollars plus accrued interest, that we have more or less held in abeyance just because he—the money was loaned to him in good times, and the first

mortgage foreclosed his house, but we hope some day to be able to collect something on this second mortgage. During this period of time no money has been applied on that second mortgage debt."

The rulings of the court below were not in harmony with our views as hereinabove expressed.

The judgment appealed from is reversed, and the cause remanded for an order not inconsistent with our holding.

Reversed and remanded.