This is an appeal from a judgment entered in an interpleader action involving a question as to priorities of garnishments among several judgment creditors of Mr. Ray Graham. The trial court found that the garnishment served by the appellant, First State Bank of Franklin County (hereinafter "Franklin Bank"), was the first garnishment actually served on the garnishee, but that at that time the garnishee possessed only a possibility of collecting funds that would be payable to Graham. Based upon this finding, the trial court concluded that Franklin Bank did not have the first right to the interpleaded funds. We affirm.
On January 26, 1983, Franklin Bank served a garnishment on the plaintiff in interpleader, Fite, Davis, Atkinson 
Bentley (hereinafter "Fite, Davis"), a law firm in Hamilton, Alabama. Fite, Davis had been employed to represent Graham in a lawsuit, and at the time this garnishment was served, a judgment in favor of Graham in the amount of $1,240,000 had been obtained against American Coal Energies. Fite, Davis answered the garnishment "not indebted," stating it had no funds that were due to Graham and that the judgment against American Coal Energies was on appeal to the Alabama Supreme Court.
After Fite, Davis collected a portion of the amount due from American Coal Energies, Fite, Davis was served with garnishments from SouthTrust Bank of Marion County (hereinafter "SouthTrust") and the Bank of Hackleburg (now C S Family Credit) (hereinafter "Hackleburg") on September 4, 1985, and September 10, 1985, respectively. Franklin Bank did not challenge the validity of the "not indebted" answer, §§ 6-6-450, -458, -459, Code of Ala. (1975), and Cottingham v.Greely Barnham Grocery Co., 129 Ala. 200, 30 So. 560 (1900). On September 17, 1985, Fite, Davis paid the proceeds to the register of the Circuit Court of Marion County and brought an interpleader action requesting the court to determine which creditor of Graham was due the funds.
After reviewing these undisputed facts, the trial court ruled that SouthTrust had the first right to the proceeds and that Hackleburg had the second right to the proceeds. Franklin Bank filed notice of appeal after the trial court denied its motion for new trial.
Franklin Bank's argument on appeal is that since it was the first to serve a garnishment on the garnishee, the garnishee was under a contractual obligation to pay its portion of any funds subsequently collected on a judgment that had already been obtained. Franklin Bank argues that it should have the first right to any proceeds subsequently collected. We disagree.
While it is generally true that a garnishment lien attaches on the date of service and that priorities are determined as of that date, Foshee v. Lloyds, New York, 643 F.2d 1162 (5th Cir. 1981), it is equally true that in order for a debt to be subject to garnishment, the debt must be due absolutely and without contingency. Escambia Chemical Corp. v. UnitedInsurance Co. of America, 396 So.2d 66, 68 (Ala. 1981); Slossv. Glaze, 231 Ala. 234, 164 So. 51 (1935).
In the instant case, at the time Fite, Davis was served with Franklin Bank's garnishment, there was no money, property, or debt which Fite, Davis owed to Graham absolutely and without contingency. In other words, Graham himself had no cause of action that he could have brought against Fite, Davis for proceeds that might be collected on the judgment. Thus, the *Page 498 
answer made by Fite, Davis was a good one, and it was not challenged as provided by § 6-6-459, Code. Therefore, the answer of Fite, Davis, being unchallenged, discharged the writ of garnishment after the expiration of the time for challenge. § 6-6-459, Code, supra. As stated by the Court of Appeals of Alabama in the case of A. Paul Goodall Real Estate InsuranceCo. v. Jackson Securities Investment Co., 28 Ala. App. 21,177 So. 650 (1937), "Indebtedness dependent upon collection of money from a third person is contingent, and cannot be reached by garnishment until after the money is collected."
Applying this rule to the instant case, the trial court correctly ruled that Franklin Bank did not have the first right to the proceeds collected by Fite, Davis, but that SouthTrust had the first right to the proceeds and that Hackleburg had the second right to the proceeds. Based on all of the foregoing, we are of the opinion that the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.